ARMSWORTH and Others *v.* SCOTTEN and Another.

JUDGMENT FOR COSTS.—Where one recovers a judgment for his costs, the amount recovered is due to him, and he is entitled to control the judgment and receive the money so recovered. Each party is liable to the officers for the costs made by him, which may be collected at any time after the service is rendered, and the party entitled to recover his costs has judgment for the amount, which, according to the theory of the law, he has paid, or is liable to pay, to the officers of the court.

SAME.—PAYMENT TO CLERK.—LEGAL TENDER MONEY.—If the clerk of the court is authorized to receive money due on judgments, he cannot, without express authority, receive payment in anything but legal tender money, and a payment of a judgment for costs in national bank bills was held not to discharge the judgment.

APPEAL from the *Whitley* Circuit Court.

ELLIOTT, J.—Suit by *Scotten* and his wife against *Armsworth* and others, to quiet the title to certain real estate in the possession of *Scotten's* wife, and of which she claimed to be the owner in fee, but to which the defendants also claimed title. Issues were formed, and a trial resulted in a finding and judgment for the plaintiffs, on the 9th of *September,* 1866. On the same day, the defendants moved the

court for a new trial, under the statute regulating trials in such cases, without cause, which the court granted, to operate upon the payment of the costs accrued in said cause, provided the costs were paid within one year from the date of said judgment.

On the 29th of *August*, 1867, the defendants paid the amount of the costs, $80 14, to the clerk of said court, in national bank paper, which the clerk received without objection, and docketed the case for trial at the succeeding *November* term of said court. A part of the costs were due to the plaintiffs, which they refused to receive from the clerk because it was not paid in legal money, that is, in gold or silver, or legal tender treasury notes of the *United States*, and at the *November* term of the court, 1867, moved the court to strike the case from the docket, because the costs were not paid, in legal money, within one year from the date of the judgment. The defendants thereupon offered to pay said costs in legal tender treasury notes, but the court sustained the plaintiffs' motion, and struck the case from the docket, to which the defendants excepted, and appeal to this court.

Two questions are presented by counsel. 1. Is the clerk authorized, by virtue of his office, or as the agent of the judgment plaintiff, implied by law, to receive money due on judgments in said court, or costs recovered thereby? and if so, 2. If a judgment be paid to the clerk in anything but legal money, without the authority or assent of the judgment creditor, is it a valid payment, and does it discharge the judgment?

The judgment rendered in this case for costs was in favor of the plaintiffs. It was their judgment. It covered only the costs made by them in the prosecution of the suit, and which they had either paid, or were liable to pay. The costs made by a party to a suit are due as soon as the services are rendered, and payment thereof may be enforced by fee bill, and the theory of the law is, that the party either has paid or will pay his costs, because he is liable therefor, and hence, if he succeeds in the suit, he recovers

back from his adversary the costs so made by him in its prosecution. It is doubtless not unusual for officers and others to whom costs are due, not to compel their payment until after final judgment, and in such cases, the costs, when collected, are paid directly to those to whom they are due. This is necessarily correct as to the costs made by the losing party, which are not covered by the judgment, and, if not voluntarily paid, can only be collected by fee bill. But the costs recovered by the judgment are due to the judgment plaintiff, and it is his right to control and receive the money so recovered. If received by the clerk, it can only be paid out to those to whom the judgment creditor is liable by his authority, either express or implied. So much of the costs, therefore, as were covered by the judgment, were due to the plaintiffs, and subject to their control, the same as any other money judgment.

The clerk is the officer of the court, the keeper of its records, and in many respects is *ex officio* the agent of judgment plaintiffs, not by their express authority, but made such by legal necessity and public policy. And assuming, in this case, but without deciding the question, that he is authorized, by virtue of his office, to receive all money due on judgments in the court of which he is clerk, still, it seems to be well settled that a payment so made to the clerk, or other officer of the law, in other than lawful money, or, in other words, that which is made by law a legal tender, and without the authority or assent of the judgment plaintiff, is not a valid payment, and does not discharge the judgment. *Griffin* v. *Thompson*, 2 How. (U. S.) 244; *McFarland* v. *Gwin*, 3 *id.*, 717; *Prather* v. *The State Bank*, 3 Ind. 356.

In the latter case, it is said that " no clerk nor sheriff nor constable, as such, has a right, under the constitution and law, to receive payment of a judgment in anything but the legal currency of the country."

VOL. XXIX.—32

The objection in this case may seem to be very technical, as the paper of the national banks, in which the payment was made, was of equal value with the legal tender treasury notes, in which a valid payment might have been made, but it was nevertheless the right of the plaintiffs to refuse to receive it, and to avail themselves of the benefit of the objection, and the court could not do otherwise than so rule. The judgment must therefore be affirmed.

The judgment is affirmed, with costs.

*L. T. Miller, J. Parks, J. R. Coffroth, R. Breckenridge, J. E. McDonald* and *A. L. Roache*, for appellants.

*J. L. Worden* and *J. Morris*, for appellees.

