## FALLS *v.* HAWTHORN.

NEW TRIAL.—*As of Right.*—In an action to recover real property a new trial was granted the defendant upon condition of the payment of costs in sixty days. After the sixty days, but within one year after judgment, he paid the costs and moved for a new trial. The judge having been of counsel, the motion was set down for hearing before another judge, and the order for a new trial was made after the expiration of the year.

*Held,* that the court could only make the order upon the payment of the costs, and, the costs not having been paid, the first order amounted to nothing.

*Held,* also, that the defendant, having entered his motion and paid the costs within the time fixed by law, thus secured the right to have a new trial, of which right the delay of the court could not deprive him.

CONVEYANCE TO HUSBAND AND WIFE.—Where land is conveyed in fee to a man and his wife, upon the death of either the land vests in the other in fee by right of survivorship.

ESTOPPEL.—*Judgment.—Process.*—In a proceeding for partition of real estate in the Probate Court, in 1848, a subpœna in chancery was issued August 21st, served August 24th, and judgment was taken by default September 22d. The complaint was at law (the court having also chancery powers, the statute requiring service of thirty days in chancery). After the interlocutory order of partition was made and commissioners were appointed and process was issued to them, the court, on motion, without notice to parties, permitted the petition to be amended by the insertion of other lands, and changed the order and process to agree with the amended petition. The commissioners were not re-sworn. Certain real estate owned in fee by one of the defendants, a married woman, whose husband was not a party, was set off to her as and for her dower, the remainder not being disposed of.

*Held,* that such married woman was not estopped by this proceeding and judgment from asserting her right to the fee simple of such real estate.

APPEAL from the Ripley Circuit Court.

GREGORY, J.—Suit by Falls against Hawthorn for the recovery of real property.

On the first trial there was a finding and judgment for the plaintiff. The defendant moved for a new trial on the payment of costs. The motion was granted, on condition that the defendant paid the costs in sixty days. After the expiration of the sixty days, but within one year after the rendition of the judgment, the defendant paid the costs, and moved for a new trial. The judge before whom the

motion was made having been of counsel for one of the parties, the case was set down for hearing before another judge pending the motion. The order was made for the new trial after the expiration of the year. It is contended that the first motion and a failure to comply with the condition, was a waiver of the right to have a new trial on the payment of costs. The statute gives the right to have a new trial any time within one year, by the payment of costs. The costs not having been paid, the first order amounted to nothing. The court can only make the order upon the payment of the costs. It is urged, that the order could not be made after the expiration of the year. The defendant entered his motion and paid the costs within the time fixed by law. This conferred the right on him of having a new trial. The delay of the court to act on his motion could not deprive him of this right.

The appellant is the widow and survivor of one George Hawthorn. In 1821, one Holeman and wife conveyed the land in controversy by deed in fee to George Hawthorn and Polly Hawthorn (the appellant). The land was held under this deed by Hawthorn and his wife at the time of the death of the former. By the right of survivorship the land was vested in the widow in fee simple. *Davis* v. *Clark*, 26 Ind. 424.

The main question in the case arises on a judgment in partition in the Probate Court of Ripley County, commenced in August, 1848, wherein the appellee was plaintiff and the appellant, with others, was defendant. A subpœna in chancery was issued on the 21st of August, served on the 24th, and on the 22d of September judgment was taken by default. By the law in force at the time, thirty days service in chancery was required to authorize a judgment by default. R. S. 1843, p. 836, sec. 21. The complaint was at law, and not in chancery. The court, however, had chancery powers. R. S. 1843, p. 665, sec. 6. The party served with process has a right to rely on the information thereby obtained. It would be a very unsafe rule to hold that a

subpœna in chancery could be converted into a summons at the pleasure of the party issuing it. After the interlocutory order of partition was made, and commissioners were appointed, and process issued to them, the court, on motion, and without notice to the parties, permitted the petition to be amended by the insertion of other lands, and changed the order and process to agree with the amended petition. The commissioners were not re-sworn. In the final report and judgment of partition, no part of the land in controversy was set off to the appellee, but this, with some other land, was assigned to the appellant as and for her dower— the remainder was not disposed of. The appellant, at the time of this proceeding, was a married woman, and her husband was not made a party.

We hold that the appellant is not estopped by this proceeding and judgment from asserting her right to the fee simple of the land in controversy.

The court erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*H. W. Harrington*, for appellant.

*J. W. Gordon*, for appellee.