## WHITLOCK *v.* VANCLEAVE ET AL.

NEW TRIAL.—*As of Right.*—*Costs.*—In ejectment, the payment of the costs by the losing party within a year after judgment is a condition precedent to the granting of a new trial as of right.

SAME.—The court cannot limit the time within one year after judgment, given by statute, for the granting of a new trial upon payment of costs.

SAME.—A new trial cannot be demanded or granted, as of right, under the statute, until after judgment has been rendered.

SAME.—After judgment in ejectment, and until a new trial has been granted, there is nothing to try in that action, and the party then making costs must pay them.

SAME.—*Notice.*—The party applying for a new trial as of right, in ejectment, need not notify the opposite party of his intention to do so.

SAME.—Where a party, against whom a judgment in ejectment is rendered, pays the costs, applies for and obtains a new trial at the same term at which the judgment is rendered, he need not notify the other party or parties, as they are then required to take notice of the order vacating the judgment and ordering the new trial; but, if a new trial is applied for and obtained at a term subsequent to the rendition of the judgment, then the party to whom the new trial is granted is required to serve notice, that he has obtained a new trial, on the other party or parties, ten days before the first day of the next term of the court, at which the action stands for trial.

APPEAL from the Montgomery Circuit Court.

BUSKIRK, C. J.—This was a proceeding to enjoin the col-

lection of certain costs. The court below sustained a demurrer to the complaint, and this is assigned for error.

The facts upon which an injunction was sought were these: The appellant, at the September term, 1865, of the Montgomery Circuit Court, commenced an action against the appellee Vancleave, to recover the possession of a tract of land. The cause was tried at said term by a jury, and resulted in a finding for the defendant. The plaintiff thereupon moved the court for a new trial as a matter of right, and the court entered an order that a new trial would be granted on the condition that the costs were paid in one hundred and twenty days therefrom. The costs were not paid within the time limited. The defendant, after the expiration of the time limited for the payment of the costs, but before the March term, 1866, caused subpœnas to be issued and a large number of witnesses to be summoned to appear and testify as witnesses on behalf of the defendant, in the trial of said cause at said term of court. The costs thus created amounted to one hundred and six dollars and thirty-six cents.

At the March term, 1866, the court, upon the motion of the defendant, rendered judgment on the verdict which had been rendered at the previous September term. At a subsequent day of the said March term, the plaintiff in said action presented to the court her petition, showing that she had paid the costs of the former trial, and asked the court to set aside the judgment and grant her a new trial as of right. The court thereupon set aside the said judgment and granted a new trial.

At the September term, 1866, the defendant, upon an affidavit showing that the above costs were unpaid, moved the court to set aside the order granting a new trial. The defendant in said action, on the 8th day of December, 1870, caused and procured the clerk of the said court to issue a fee bill against the plaintiff for the said costs created as aforesaid at the March term, 1866, which was delivered to the sheriff of the said county.

At the March term, 1871, the plaintiff applied to the said court for an injunction restraining and perpetually enjoining the appellees from collecting the said costs from the appellant. The appellees demurred to the complaint. The court sustained the demurrer, to which the appellant excepted; and the appellant refusing to plead further, the court rendered final judgment for the appellees. The appellant prayed an appeal to this court, which was refused by the court. The appellant afterward filed a transcript and obtained a *supersedeas.*

Did the court err in sustaining the demurrer to the complaint? The solution of that question depends upon which party was liable for the costs created at the March term, 1866. The original cause was tried at the September term, 1865, and a verdict was found for the defendant. The court did not then render a judgment upon the verdict, but upon the motion of the appellant for a new trial, as of right, continued the cause, giving to the appellant one hundred and twenty days in which to pay the costs of the former trial. The appellant failed to pay the costs within the time limited, and the appellee Vancleave, after the expiration of the one hundred and twenty days, but before the first day of the March term of said court, caused to be issued by the said clerk a subpœna for witnesses which was delivered to the sheriff, who summoned a large number of witnesses to attend and testify upon the trial of said cause.

All the proceedings had in said cause at the September term, 1865, subsequent to the rendering of the verdict, were irregular, illegal, and void. The appellant had no right to demand a new trial, as of right, until she had paid all the costs of the former trial. The court had no power to limit the time within which the costs should be paid. That is regulated by statute. The appellant had the right within one year after the rendition of the judgment to apply for and obtain an order setting aside the judgment and granting a new trial, upon showing that all the costs of the former

trial had been paid. The court possessed the power to require the appellant to pay such damages, in addition to the costs, as would be occasioned by such new trial. But no damages are to be paid unless the court so directs. The court should have rendered judgment on the verdict of the jury at the September term, 1865. A party cannot demand a new trial, as of right, until after judgment has been rendered upon the finding of the court or the verdict of the jury.

It has been several times decided by this court that the party must not only apply for, but must actually obtain the order of the court vacating the judgment and ordering a new trial, within one year from the time when the judgment was rendered. Until such order was made there was nothing to try, and consequently there was no necessity for witnesses. It is not necessary that the party applying for a new trial, as of right, should notify the opposite party of his intention so to do. If the party against whom a judgment has been rendered pays the costs of the former trial, and applies for and obtains the order of the court vacating the judgment and ordering a new trial, at the same term of court that the judgment is rendered, then the opposite party is required to take notice of the order vacating the judgment and ordering the new trial; but if the new trial is applied for and obtained at a subsequent term, then the party obtaining such new trial is required to notify the other party or parties that he has so obtained a new trial, and this notice must be served ten days before the first day of the term at which the action stands for trial. If the appellant had paid the costs and obtained the order for a new trial at the September term, 1865, the cause would then have stood for trial at the March term, 1866, and the defendant therein would have been required to prepare for trial at such term without any actual notice. He was in court at the time when the cause was tried, and was chargeable with notice of all that was done in his cause. But as the new trial was not obtained until the March term, 1866, the cause did not stand

for trial at that term. It would have stood for trial at the September term, 1866, if the defendant had been notified ten days before the first day thereof. When a party has received constructive notice by being in court, or actual notice, that the judgment has been vacated and a new trial ordered, he is required to prepare for another trial of the cause; and until he is thus notified he has no right to have witnesses summoned, and if he does, he must pay the expense and costs created thereby. See sections 601, 602, and 603, of the code, 2 G. & H. 283.

It necessarily results from what we have said, that the court erred in sustaining the demurrer to the complaint. The appellant was required, as a condition precedent to obtaining a new trial, to pay the costs of the first trial. The costs created after the new trial was granted, and the opposite party was notified in either of the modes above indicated, would abide the event of the suit. All other costs must be paid by the party creating them.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

*S. C. Willson* and *L. B. Willson*, for appellant.