## CREWS ET AL. *v.* ROSS ET AL.

NEW TRIAL.—*Action to Recover Real Property.*—*Costs.*—In an action to recover real property, a court cannot make an order vacating the judgment and granting a new trial as of right, on condition that the costs shall thereafter be paid. If such an order be made, it is without authority of law and may afterward be set aside.

SAME.—In an action to recover real property, but one new trial can be granted as of right, and this does not mean one new trial to each party, but one new trial in the cause; and this rule is not changed by the plaintiff amending his complaint after the granting of a new trial, by claiming additional lands, and other persons being made defendants on their own motion.

SAME.—In an application for a new trial as of right, in an action to recover real property, the costs must be paid, the application made, and the motion granted or refused, within one year from the rendition of the judgment; and the fact that the application has not been heard and decided within the year, on account of the judge having been of counsel, will not authorize the granting of a new trial after the expiration of a year. *Falls* v. *Hawthorn*, 30 Ind. 444, overruled.

SAME.—*Application for New Trial as of Right.*—An application for a new trial as of right, in an action to recover real property, must be made by a written motion or supplemental complaint, and it must at least show the rendition of the judgment in the cause, the time when rendered, that all the costs have been paid, and that a new trial is demanded as of right and without cause.

CLERK OF COURT.—*Costs.*—The clerk of a court has no right to receive, in payment of any costs, except his own, anything but gold or silver or legal tender treasury notes.

MOTION TO RE-TAX COSTS.—*Notice.*—Notice must be given of a motion to re-tax costs.

From the Knox Circuit Court.

*J. C. Denny, G. G. Reily, J. E. McDonald, J. M. Butler,* and *E. M. McDonald*, for appellant.

*F. W. Viehe, T. R. Cobb,* and *N. F. Malott*, for appellees.

BUSKIRK, J.—This was an action to recover real property, instituted by the appellees against all the appellants, except those who were made parties on their own motion as hereinafter stated. The cause was tried by the court at the February term, 1869, and resulted in a finding and judgment for the plaintiffs.

At the August term, 1869, the defendants showed to the

VOL. XLIV.—31

court that the costs had been paid, and on their motion a new trial was granted without other cause shown. At the same term of court, Shannon McKee, Archibald McKee, Wesley McKee, and Josiah KcKee filed their petition, praying to be made defendants in the suit, upon the ground that they were tenants in common with the original defendants in the lands in controversy. Their petition was granted, and they were made defendants. The defendants obtained a change of venue from the judge, and the cause was set down for trial before Judge Bicknell, with an agreement entered of record that no change of venue would be taken from the county, and that no jury would be demanded

On the 28th of June, 1870, the plaintiffs filed an amended complaint, on which issue was formed and tried by the court, and again resulted in a finding and judgment for the plaintiffs. The finding and judgment of the court were rendered on the 30th day of August, 1870. The defendants, on the day last aforesaid, moved for a new trial, "pursuant to the statute, without cause shown and upon the payment of all the costs." The motion was sustained by the court, and it was "ordered that, on payment of all costs, the judgment should be vacated and a new trial had." To the ruling of the court in sustaining the motion and ordering a new trial, upon the payment of the costs, the plaintiffs excepted, and the question is reserved by a bill of exceptions, and upon this ruling a cross error is assigned by the appellees.

On the 12th day of August, 1871, being within a year from the time the final judgment was rendered, the defendants moved the court to vacate the judgment and grant a new trial; neither the payment of the costs nor any other reason was assigned why the motion should be granted. Judge Malott, having been of counsel for the plaintiffs and having been elected judge of the court since the rendition of the judgment, declined to preside and appointed Judge Franklin to hear and dispose of the case. On the 28th day of December, 1871, and more than a year after the judgment was rendered, the motion was heard and taken under

advisement until the 18th of January, 1872. At the time appointed for the decision, the defendants moved to re-tax the costs, but the court refused to entertain the motion.

The court set aside the previous order granting a new trial upon the payment of the costs, and overruled the motion for a new trial as of right.

Upon the hearing of the motion, the appellees denied that the appellants had paid the costs, and upon that question evidence was offered by both parties.

The defendants read in evidence the receipt of the deputy clerk, acknowledging the costs to have been paid, and a receipt of the clerk entered on the fee book, reciting the payment of the costs in cash, receipts, and a due-bill. The testimony shows that the payment, if any, was made to the deputy clerk by Jonathan Crews. He delivered to the deputy, in cash, forty-five dollars and ninety-two cents, some receipts of witnesses for their fees, and his own due-bill for the clerk's costs; the cash receipts and due-bill together made the amount of the costs taxed in the case. The deputy received these under the direction of the clerk, to whom he handed them the next day, and who then entered the receipt on the fee book. Plaintiffs produced the witnesses who had given receipts, and offered to prove by them that they had not been paid. The defendants objected, " on the ground that the same (evidence) was irrelevant and incompetent, and because the receipts having been given to defendants by said witnesses, the plaintiffs have no right to question the validity of the same, because the said witnesses themselves could not do so;" but the court overruled the objection and admitted the testimony. From the testimony it appears the witnesses were not paid, but gave the receipts on various terms; some were paid part and receipted in full; in some cases the witnesses said they did not want pay; in other cases there was a promise of pay at a future day. In one case a promissory note was taken, which is still unpaid. Emanuel Meisenhelter, one of the witnesses, gave his receipt on the verbal promise that he should be paid, and more than

a year after the judgment had been rendered he took a due-bill of Crews, including the amount due him as a witness; the due-bill is still unpaid. For Gabriel Foreman's fees, Crews delivered a receipt to the deputy clerk. The execution of it was not proved. Mr. Crews testified he received it from some party to the suit, but could not state from whom. The evidence and argument were concluded on the 27th of December, 1871, and the court took the motion under advisement until the 18th of January, 1872. At that time the defendants moved to have the costs re-taxed. The motion is in writing, and based on facts not appearing of record (that the witness fees were not properly claimed). No affidavit was filed; no notice of the motion had been given the plaintiffs, and they did not appear. The court refused to entertain the motion, and defendants excepted.

The appellants have assigned for error the following :

1. The court erred in overruling the appellants' motion for a new trial.

2. The court erred in overruling appellants' motion to vacate the judgment entered in said cause on the 30th of August, 1870, and for a new trial.

3. The court erred in overruling and setting aside the order made on the 30th of August, 1870, granting a new trial upon the payment of costs.

4. The court erred in admitting evidence to show that the costs had not been in fact paid.

5. The court erred in refusing to entertain and pass upon the motion to re-tax the costs.

The first and second assignments of error present the same question.

The third assignment of error and the cross error present the same question and will be first considered.

The question presented by these assignments is, whether the court possessed the power to make an order vacating the judgment and granting a new trial when all the costs should be paid. We think the court possessed no such power. It was held by this court in *Zimmerman* v. *March-*

*land,* 23 Ind. 474, that "the statute which gives the right to the new trial does so upon the inflexible condition of the payment of all costs, and the circuit court had no discretionary power to dispense with this condition without the consent of the defendant. It was only by virtue of the stat-, ute that the party was entitled to a new trial; and, failing to comply with the condition, the right could not be claimed, but was lost."

It was held by this court in *Bissell* v. *Wert,* 35 Ind. 54, *Hays* v. *May,* 35 Ind. 427, and *Whitlock* v. *Vancleave,* 39 Ind. 511, that the application for the new trial could not be made until the costs had been paid, and that the application must show such payment. Inasmuch as the payment of the costs constitutes a condition precedent to a new trial, the court can take no action relating thereto, until such fact is shown. It results that the court can not make an order vacating the judgment and granting a new trial, on the condition that the costs shall thereafter be·paid. The conditional order made on the 30th day of August, 1870, was without authority of law or precedent, and the court committed no error in setting it aside.

We proceed to consider whether the court erred in refusing to grant the appellants a new trial as of right.

Counsel for appellees insist that the appellants were not, for several reasons, entitled to a new trial.

1. That one new trial as of right and without cause had been granted in this cause.

2. That the court possessed no power to grant a new trial after the expiration of one year from the rendition of the judgment.

3. That no formal and written application was made for such new trial.

4. That it was shown by the evidence heard on the motion that the costs had not been, in fact, paid.

It is expressly provided by section. 601 of the code, that but one new trial shall be granted, unless for good cause shown. It has been repeatedly held by this court that but

one new trial shall be granted, as of right, in a cause, and that this does not mean one new trial to each party, but one new trial in the cause. *Ewing* v. *Gray*, 12 Ind. 44; *Shuman* v. *Gavin*, 15 Ind. 93.

Counsel for appellants concede the correctness of the above propositions, but they earnestly insist that they have no application to the case under consideration, for the reason that after granting such new trial, new defendants were made, and new pleadings were filed. The point insisted on is, that while the original defendants have had one new trial, the persons who were made defendants upon their own application, after the granting of such new trial, have not had a new trial. After the new trial was granted without cause shown, the complaint was amended by making new plaintiffs and seeking to recover on lands besides those described in the first complaint. The claim of the plaintiffs was upon the same and not different grounds. The defence was the same, except that the defendants in the original action claimed to own all the lands in dispute, while upon the last trial they claimed to own them as tenants in common with the new defendants. The cause was not, in substance, changed by the addition of the new defendants and the insertion of other lands. Besides, the new defendants were made such upon their own application, and when they were made defendants, they are presumed to have known that there had been one trial of the cause and one new trial as of right, and that the next trial would be final. They were not parties to the record, and their rights would not have been concluded by any judgment that might have been rendered therein. They are chargeable with the consequences of having themselves made defendants in the then condition of the cause. The claiming of other lands can not enlarge the rights of the plaintiffs. If a plaintiff could obtain a new trial, as of right, by adding other lands, he could secure as many new trials as there might be different lots or tracts of land involved in the controversy. The new trial relates

Crews *et al. v.* Ross *et al.*

to the cause, and not to what particular lands may be involved therein.

The second objection seems to be well founded. It was held by this court in *Falls* v. *Hawthorn*, 30 Ind. 444, that where a party had paid the costs and made his application for a new trial within a year, and where the application was not heard and decided within the year, by reason of the judge having been of counsel, the new trial might be granted after the expiration of a year from the rendition of the judgment; but it has been held by the court in *Bissell* v. *Wert*, 35 Ind. 54, *Hays* v. *May*, 35 Ind. 427, *Whitlock* v. *Vancleave*, 39 Ind. 511, and perhaps in other cases not now remembered, that the costs must be paid, the application made, and the motion granted or refused, within one year from the rendition of the judgment. These rulings are in conflict. In the three cases last cited, no reference was made to the case of *Falls* v. *Hawthorn*, supra, but it was virtually overruled, and is now on that point expressly overruled.

Was it necessary to make a written application or motion for a new trial as of right? and if it was, what should it contain?

It is well settled that there must be a written motion or supplemental complaint. *Starry* v. *Winning*, 7 Ind. 311; *Shuman* v. *Gavin*, supra; *Falls* v. *Hawthorn*, supra; *Bissell* v. *Wert*, supra.

The application should, at least, show the rendition of the judgment in the cause, the time when rendered, that all the costs had been paid, and that a new trial was demanded as of right and without cause.

The fourth objection urged against the right of the appellants to a new trial is, that it appears from the evidence that the costs had not been paid at the time the application was made, nor when it was decided. It is insisted by counsel for appellants that the receipts, which were filed by them showing the payment of costs, were conclusive, and that the court had no right to hear proof that the receipts had been given without the actual payment of the money.

But it is contended by counsel for appellees that the clerk had no right to receive any portion of the costs, except such as was due to himself. In other words, that the payment should have been made to the officer or person entitled to receive the same.

It is also contended that, conceding the right of the clerk to receive the costs, he had no right to receive any thing but coin or legal tender notes.

The question first argued and insisted on by counsel is, had the clerk the right, by law, to receive and receipt for the plaintiffs' judgment for costs? for it is not pretended that he had any authority in fact.

This court has never yet decided under the code of 1852, that a clerk has authority by the law to receive the money due on a judgment and give a receipt therefor.

In *Prather* v. *The State Bank*, 3 Ind. 356, the court say: " Admitting (without deciding), for the purposes of this case, * * * that he (the clerk) had the right to receive payment of the judgment," etc.

In *Sibert* v. *Humphries*, 4 Ind. 482, 1853, the court say: " According to the statute in force at the time the facts above set out transpired, sheriffs and constables paid the moneys collected on executions to the officers issuing them, and they paid over to the persons entitled; though now, by statute, sheriffs and constables pay moneys collected directly to the execution plaintiffs. The money in this case, then, was rightly paid to the clerk, and when he received it, he and his sureties became liable to the execution plaintiff for the amount."

In *Armsworth* v. *Scotten*, 29 Ind. 495, it is said: " And assuming, in this case, but without deciding the question, that he (the clerk) is authorized, by virtue of his office, to receive all money due on judgments in the court of which he is clerk," etc.

In *Jenkins* v. *Lemonds*, 29 Ind. 294, an administrator had paid to the clerk money belonging to the estate, and the clerk, upon being ordered by the court to refund the money,

failed to do it. The court held that the clerk and sureties were not liable on his bond and say: " The liability of the sureties upon the bond is not to be extended by implication beyond the terms of the contract. *The United States* v. *Boyd,* 15 Pet. 187; *Miller* v. *Stewart,* 9 Wheat. 680. They were only liable for the failure of the clerk to discharge his official duties. It was not his duty, nor could he, as clerk, receive the money belonging to an estate from the hands of an administrator."

In *Carey* v. *The State, ex rel. Farley,* 34 Ind. 105, this court held that the sureties upon the official bond of the clerk of the circuit court are not liable for money paid into open court and handed to the clerk with an answer of tender, and for the purpose of keeping the tender good, and for which the clerk as such gives his receipt, there being no order of the court in reference to the money.

The question presented is of so much practical importance and, when decided, is likely to result in such great inconvenience, that its decision has been avoided in the hope that the legislature would provide a remedy. While the question arises in the record, its decision is not necessary to the decision of the case under consideration. Following the precedents above referred to, we say, assuming, without deciding, that the costs in the present case might have been paid to the clerk in gold or silver, or legal tender treasury notes, we are very clearly of the opinion that he had no right to receive anything else. In *Armsworth* v. *Scotten,* 29 Ind. 495, where the question was, whether the costs had been paid under section 601, and where they had been paid to the clerk in national bank notes, this court held that it amounted to no payment, because, conceding that the costs might be paid to the clerk, he had no right to receive anything in payment but coin or legal tender treasury notes. To the same effect are the following cases: *Miles* v. *Ohaver,* 14 Ind. 206; *The People* v. *Baker,* 20 Wend. 602; *Griffin* v. *Thompson,* 2 How. 244; *McFarland* v. *Gwin,* 3 How. 717; *Prather* v. *The State Bank,* 3 Ind. 356.

For the reasons stated we entertain no doubt that the

action of the court below in refusing the new trial was right.

We are also of the opinion that the refusal of the court to entertain the motion to re-tax the costs was correct, if for no other reason, because no notice had been given of such motion.

The judgment is affirmed, with costs.

OSBORN, J., was absent and took no part in the decision. *Petition for a rehearing overruled.*