The Physio-Medical College *et al. v.* Wilkinson *et al.*

No. 9919.

THE PHYSIO-MEDICAL COLLEGE ET AL. *v.* WILKINSON ET AL.

NEW TRIAL.—*Application for as of Right.—Action to Quiet Title.—What is.— New Trial.*—The nature of a suit depends on the complaint and judgment, and not on the judgment alone. A complaint by heirs at law to set aside a deed of their ancestor, and praying to quiet their title to the lands, is a complaint to quiet title, in which a new trial as of right may be granted, under section 1064, R. S. 1881.

SAME.—*Practice.—Case Overruled.*—A new trial as of right, under the statute, may be applied for either orally or in writing. *Crews* v. *Ross,* 44 Ind. 481, overruled.

From the Hamilton Circuit Court.

*J. Young, W. P. Adkinson, W. Wallace* and *L. Wallace,* for appellants.

*J. Roberts, D. Moss* and *R. R. Stephenson,* for appellees.

ZOLLARS, J.—The questions presented by the record and discussed by counsel are : *First.* Are appellants entitled to a new trial without cause, as a matter of right, under the statute? *Second.* If so, did they make the proper application to the court below? The case was tried upon the third paragraph of the complaint, which states substantially that appellees are the only heirs of one Margaret Wilkinson, who died intestate in May, 1877 ; that on the 11th day of April, 1874, she was the owner in fee of the real estate described in the complaint, and on that day executed a deed of conveyance for said real estate to appellant, the Physio-Medical College, of which corporation the other appellants are officers; that at the time of the execution of the deed the said Margaret Wilkinson was eighty years of age, greatly enfeebled in body, was of unsound mind, and incapable of contracting, or understanding and comprehending the nature and purpose of a contract or of said deed ; that no consideration was paid for the real estate, although it was of the value of $14,000 ; that previous to the institution of this action appellees gave appellants notice of a disaffirmance of said conveyance on account of the

mental unsoundness of said grantor, and demanded possession of said real estate, and claiming title thereto by reason of said deed of conveyance.    Wherefore the plaintiffs pray judgment that said deed of conveyance be set aside and held for naught; that the plaintiffs have possession of said real estate; that their title be quieted thereto, and for all other proper relief.

To this paragraph there was a general denial.    The verdict of the jury was:  "We, the jury, find for the plaintiffs."

The judgment of the court upon the verdict is that the deed "be and the same is hereby set aside and held for naught, as completely as if the same had never been made, and that the plaintiffs recover of the defendants all their costs herein laid out and expended, taxed at —— dollars and —— cents."

The judgment was rendered at the April term, 1881, of the Hamilton Circuit Court.    At the November term following the appellants made their application for a new trial as of right, without cause.    This motion the court overruled; appellants excepted, have appealed, and assign the ruling for error.

The position of appellees' counsel is that appellants are not entitled to a new trial as of right, for the reason that the action is neither for the possession of, nor to quiet the title to, real estate; that it is simply to set aside the deed on account of the mental unsoundness of the grantor, and has no reference to the title to the land.    In this we do not agree with counsel.    It is a proper case in which to ask for the quieting of the title, and in which to compel the opposite party to assert his title.    It is true that, generally, the prayer does not control the statement of facts in the complaint, but in a case like this, where the prayer is consistent with the facts stated, it is proper to consider it with the facts stated, to determine the nature and character of the action.    A part of the relief prayed for, as will be seen, is that the title be quieted.    It is very patent, also, that, aside from the prayer, the title to the land is involved in the litigation.    It is manifest that if the

appellant College is not the owner of the land by virtue of the deed, the title is in appellees, as the heirs of the grantor. The disposition of the deed which carried the legal title to the college will determine where that title shall finally rest—whether in appellees or the college. It is contended that in determining the nature of the action we should look alone to the judgment rendered, which, as counsel say, makes no mention of the title. We do not think so. The case, as made by the pleadings and tried between the parties, must determine the character of the action. This case serves as a good illustration of the evil consequences which would follow the adoption of the rule contended for. Looking to the judgment alone, it could not be told for what reason the deed was set aside—whether on account of the mental unsoundness of the grantor, for fraud in its procurement, to subject the land to the payment of debts, whether appellants were claiming any rights under it, or whether appellees have, or claim, any interest in the land. It not infrequently happens that judgments are in a measure meaningless without reference to the pleadings. See *Hopper* v. *Lucas*, 86 Ind. 43.

If the judgment were so full and explicit as to show the nature of the action, it might not be necessary for us to look to the pleadings.

Section 1070, R. S. 1881, which is the same as section 611 of the code of 1852, provides that "An action may be brought by any person either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to or interest in real property adverse to him, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title."

In the case of *Shucraft* v. *Davidson*, 19 Ind. 98, the heirs set up that Davidson obtained a deed for the land from the ancestor, without consideration, when he was "*non compos*," and hence incapable of making a deed; and prayed that the title to the land be adjudged to be in them by descent, etc. There was judgment for the defendant, and the court below

refused a new trial as of right.    In the opinion of the court it is said : " It was a suit in which the party complainant, by virtue of the judgment in the suit, sought to vest or quiet title to real estate in herself," etc.

We think that the case in hearing is covered by this case, that it is clearly within the statute, and that appellants are entitled to a new trial unless they are barred by the second objection urged by appellees.    See, also, *Zimmerman* v. *March-land*, 23 Ind. 474 ; *Hunter* v. *Chrisman*, 70 Ind. 439.

At the time appellants made their motion for a new trial they tendered the bond required by section 1064, R. S. 1881, which was approved by the court.    The motion was in writing, and is as follows :

" STATE OF INDIANA, HAMILTON COUNTY, SS. :

" WILLIAM WILKINSON ET AL.
                    *vs.*                         } No. 4541.
" THE PHYSIO-MEDICAL COLLEGE ET AL. )

" *To the Honorable Judge of the Hamilton Circuit Court :*

" The defendants, by Young and Wallace, their attorneys, now make application for a new trial herein as provided by statute, as a matter of right.    The said defendants accompany this application by an undertaking to pay all costs and damages, which they ask may be approved.

                                        " JOHN YOUNG,

                                        " WM. WALLACE,

                                        "Attorneys for Defendants."

It is contended by appellees' counsel that the motion in such cases must be in writing, and that the above is defective, because it does not show when the judgment sought to be vacated was rendered ; that the case is not one in which a new trial may be had as of right, and the motion is not accompanied by the pleadings or judgment.    In support of their position they cite Buskirk Prac., and the case of *Crews* v. *Ross*, 44 Ind. 481, in which BUSKIRK, J., said : " It is well settled that there must be a written motion or supplemental complaint. * * The application should, at least, show the rendition of the judgment

in the cause, the time when rendered, that all the costs had been paid, and that a new trial was demanded as of right without cause."

This is the whole of the discussion by the learned judge, and it is apparent that he had not given the subject very mature thought, and this for the reason, perhaps, that it was not the important question in the case. He based his conclusion upon the cases of *Starry* v. *Winning*, 7 Ind. 311; *Shuman* v. *Gavin*, 15 Ind. 93; *Falls* v. *Hawthorn*, 30 Ind. 444; and *Bissell* v. *Wert*, 35 Ind. 54.

The case of *Starry* v. *Winning*, *supra*, is not authority for the purpose cited. In that case the party did not bring himself within the statute, by the payment of costs, and for aught that appears did not ask for a new trial under the statute in the court below, verbally or otherwise.

In the case of *Shuman* v. *Gavin*, *supra*, the party asking a new trial as of right filed a written motion or complaint, which was questioned by demurrer. The court, without deciding whether or not such written motion was necessary, held that the one in question was sufficient, as it clearly was.

In the case of *Falls* v. *Hawthorn*, *supra*, nothing is said as to what such a motion should contain, or whether or not it should be in writing.

The case of *Bissell* v. *Wert*, *supra*, has no possible bearing upon the question, as it was an action for work and labor.

Thus it will be seen that the cases cited by the learned judge do not support the rule announced in 44 Ind., and in his excellent work on practice.

It will be seen upon an examination of the statute that it does not require the application to be in writing, or in any particular form. Section 1064, R. S. 1881.

In the case of *Zimmerman* v. *Marchland*, *supra*, this court, per FRAZER, J., in speaking of the statute, said: "The setting aside of the first judgment, and granting the new trial, is claimed to be erroneous on several grounds. *First*, because the motion was not in writing. But the statute does not so

require, and besides, the failure to put it in writing could not injure the defendant. And yet it would probably be better to require all such motions to be in writing."

We think, also, that the better practice would be to put such motions in writing, but our ideas of propriety can not be allowed to deprive a party of his right to a new trial, because he may not have reduced his motion therefor to writing, when the statute does not require it. It is the province of the Legislature to enact laws and ours to interpret them. This right, like the right to have judgments reviewed in certain cases, and a new trial for cause after the expiration of the term at which the judgment is rendered, is statutory, but there is no such analogy as to require us to hold a written application necessary in this because required in the other proceedings. In those cases the statute requires in express terms that the application shall be in writing. If it should be held that a written application is required in this case, from analogy to the other proceedings, there is no good reason why it should not also be held that the application should be accompanied by a full transcript of the judgment and proceedings sought to be vacated.

If it be held that the application must be in writing, on the ground that the case has passed from the " bosom of the court" after the term, then it would seem to follow that the application should be accompanied by a full transcript of the case in order that the court may have full knowledge. If the court must be enlightened by a written application and showing, as to any part of the proceeding, it would seem reasonable that the showing should be such as would put the court in possession of all the facts and proceedings to enable it to judge of the nature of the case, and to decide whether or not it is a case in which a new trial is given as a matter of right.

If this practice should be adopted, it would be an anomalous procedure for the court to hear the application and the showing in support of it without notice to the opposite party, and an opportunity on his part to contest the right to the new

trial. The statute expressly declares, and this court has a number of times decided, that no such notice is required.

The reasonable interpretation of the statute, as it seems to us, is that for the purpose of the motion, and the action of the court thereon, the court retains jurisdiction of the subject-matter and of the parties, and judicial knowledge of its records during the year allowed for the making of the motion and the granting of the new trial; and that the application may be made either orally in open court, or in writing, stating such facts as will call the attention of the court to the case in which the new trial is asked.

In the case in hearing the application was in writing. It contains the title and number of the cause, and was accompanied by the required bond, which the court approved.

There is no doubt that the court, and appellees' counsel, who seem to have been present, understood perfectly in what case the application was made and new trial asked.

For the reasons stated, we think the court erred in overruling appellants' motion for a new trial. For this cause the judgment is reversed, at the costs of appellees, with instructions to the court below to sustain the motion and grant a new trial.