Heberd *v.* Wines *et al.*

Filed Jan. 30, 1886.

No. 12,364.

HEBERD *v.* WINES ET AL.

NEW TRIAL AS OF RIGHT.—*Motion after Term.*—*Practice.*—A motion for a new trial as of right, under sections 1064 and 1065, R. S. 1881, although made at a term subsequent to the rendition of the judgment, need not show specifically the rendition of such judgment, the time of the same, nor that the undertaking had been filed, the record otherwise showing such filing.

SAME.—*Motion Must be Well Taken as a Whole.*—There is no available error in overruling motions and objections where they are not well taken as a whole.

HUSBAND AND WIFE.—*Trusts.*—*Quieting Title.*—*Judgment.*—Where a husband receives and uses money belonging to his wife, with the understanding that it is to be returned to her, with interest, and subsequently real estate is purchased and paid for by the husband under an agreement that it is to belong to the wife as an equivalent for her money and interest, but, by mistake and without her knowledge, the deed is made to the husband, she is entitled to have her title quieted as against a judgment creditor of the husband.

JUDGMENT.—*Lien of.*—*Prior Equities.*—Judgments are merely general liens upon whatever interest the judgment debtor may have in lands, and are not available against the enforcement of prior equities therein.

SAME.—*Real and Apparent Interest in Land.*—A judgment creditor will not be heard to say that parties, having the one a real and the other an apparent interest in land, shall not do equity as between themselves, merely

because one might not have been able to coerce the doing of the right thing by the other.

From the Greene Circuit Court.

*W. A. Cullop, G. W. Shaw, C. B. Kessinger, A. G. Cavins, E. H. C. Cavins* and *W. C. Cavins,* for appellant.

*E. E. Rose, E. Short, J. D. Alexander* and *H. W. Letsinger,* for appellees.

ZOLLARS, J.—Appellee Morrison brought this action against appellees Wines and Wines, and appellant, to quiet the title to certain lots in Bloomfield.

He alleged in his complaint that, in addition to other sources of title, he derived title through a sale by the auditor for delinquent taxes. Appellant filed a cross complaint against Morrison and Wines and Wines, in which he set up that, on the 22d day of October, 1873, he recovered a judgment against appellee William Wines; that at the time the judgment was rendered, and until the sale for taxes, and the purchase by Morrison in 1881, said Wines was the owner of the lots in controversy, and that hence the judgment was a lien thereon. He asked that his judgment might be declared to be a lien upon the lots, prior to any legal or equitable claim by William Wines or his wife, Nancy J. Wines.

William Wines filed an answer to this cross complaint, but it is not in the record. Nancy J. Wines filed a separate answer to appellant's cross complaint, and also a cross complaint against appellant Morrison and her husband, William Wines. In her cross complaint, as well as in one paragraph of her answer, she set up that she was the real and equitable owner of the lots; that her husband purchased them for her, and paid for them with her money, which came to her from her father's estate; and that without her knowledge and consent, and by mistake, the deed for the lots was taken in the name of her husband. She asked that her title to the lots might be quieted as against the claims of the other parties to the action. The case, having been put at issue by answers and

replies, was submitted to the court for trial.  The court found against Nancy J. upon her cross complaint; that Morrison had no title to the lots, but was entitled to a first lien for the amount paid by him at the tax sale; that the judgment in favor of appellant was a lien upon the lots junior to that in favor of Morrison, but superior to any claim by William Wines or Nancy J. Wines, except such interest as she might have as the widow of her husband, should she survive him. Judgment was rendered accordingly.

At the next term of the court Nancy J. and her husband filed a motion for a new trial as of right under the statute. R. S. 1881, sections 1064, 1065.   This motion was sustained, and a new trial granted.

At the succeeding term appellant filed a motion to set aside the order granting a new trial.   This motion was overruled, and he excepted.

The contention by appellant is, that the new trial was improperly granted, for two reasons.   The first is that the written application, or motion therefor, having been made at a term of the court subsequent to the rendition of the judgment, should have more definitely shown the rendition of the judgment, the time when rendered, and that the proper undertaking had been filed, although the record otherwise shows the filing thereof.   In support of this contention the case of *Crews* v. *Ross*, 44 Ind. 481, is cited.

The case of *Physio-Medical College* v. *Wilkinson*, 89 Ind. 23, is a complete answer to this contention.   In that case the case of *Crews* v. *Ross, supra,* was disapproved.

The second reason relied upon is that the motion for a new trial was a joint motion by William Wines and Nancy J. Wines; that William Wines was not entitled to a new trial as of right, and that, therefore, the joint motion by him and his wife was improperly sustained.

The argument that appellant applies to the ruling of the court applies with more force to his motion to set aside the order granting a new trial.   It is clear that Nancy J. Wines

was entitled to a new trial as a matter of right. This is conceded. Appellant's motion to set aside the order granting a new trial was not limited to so much of the order as granted a new trial to William Wines. It was directed to the whole order, which embraced also the granting of a new trial to Nancy J. Wines. As to her, the motion to set aside the order was not well taken, and was properly overruled. It was not an available error, therefore, to overrule appellant's motion for the setting aside of the whole of the order granting a new trial.

There is no available error in overruling motions and objections, where they are not well taken as a whole. *Feeney* v. *Mazelin,* 87 Ind. 226; *Robertson* v. *Garshwiler,* 81 Ind. 463; *Elliott* v. *Russell,* 92 Ind. 526; *Carver* v. *Carver,* 97 Ind. 497; *Wolfe* v. *Pugh,* 101 Ind. 293; *Louisville, etc., R. W. Co.* v. *Falvey,* 104 Ind. 409.

There was no error that appellant can make available, in the overruling of his motion to set aside the order granting a new trial. It would have been of but little consequence to appellant to have the order granting a new trial set aside as to William Wines, and not as to Nancy J. Wines, because, if she was the owner of the lots, his judgment was not and could not be made a lien upon them.

Upon the second trial, the court rendered a personal judgment against William Wines, in favor of appellant, for the amount of his claim, found and adjudged that Nancy J. Wines was and had been the real owner of the lots, and quieted her title thereto, subject to the claim and lien in favor of Morrison for the amount of taxes paid by him.

Appellant's motion for a new trial, and his assignment of errors in this court, alleging error in the overruling of that motion, call in question the sufficiency of the evidence to sustain the finding and judgment of the trial court.

The evidence tends to establish the following facts: William and Nancy J. Wines were married in 1856. Shortly after that, Nancy J. received from her former guardian, and

from her grandfather's estate, $875, mostly gold coin. This money passed into the hands of the husband, who purchased a farm and used the money in paying for it, telling his wife that he would settle with her. He sold this farm and bought another with the proceeds. At this time, the wife, Nancy J., insisted that something should be settled upon her, and in her name, as an equivalent of her money used by the husband. She often made the same demand. During this time and subsequently, there was an understanding that the husband should not only account to the wife for her money, but also for interest thereon. In 1869, her money, with accumulated interest, amounted to about $2,000. In that year, the property in controversy was purchased at an agreed price of $1,500. The negotiations for the purchase of the property were carried on by the husband and wife. The understanding between them and the vendor was, that it was purchased for the wife, and that the deed should be made to her. The agreement between the husband and wife was, that the property should be hers, as an equivalent of the money the husband had received from her, and the accumulated interest thereon. The deed, however, was made to the husband. How this happened is not very satisfactorily explained. The evidence creates a strong inference that it was by the mistake of the scrivener, or the neglect of the parties to properly direct him. The wife did not know of this mistake for more than a year after the deed was made. Five hundred dollars was paid at the time the deed was made, and the husband executed to the vendor his two notes of $500 each, secured by a mortgage upon the property. One of the notes was afterwards paid. These payments were made by the husband, but for the wife, as a means of returning to her what he had received from her. The second note was assigned by the vendor and payee. The assignee required a new mortgage to be executed by both William and Nancy J. Wines. This was executed in 1871. The note not having been paid

at maturity, the mortgage was foreclosed in 1874, and the property sold. Before the expiration of the year allowed for redemption, the certificate of purchase was bought and assigned to the wife, Nancy J. Wines. Here again the husband furnished the money for her, for the purpose of saving the property for her and as a means of returning to her what he had received from her. At the time the property was purchased and the first payment made, the husband, William Wines, was solvent, and, so far as shown by the evidence, was solvent when the other payments were made.

Under this evidence, we think it clear, that Nancy J. Wines was the real and equitable owner of the lots, from the time of the purchase, although the legal title was lodged in the husband. Her money paid for the lots. The payments by the husband were just as much payments by her as if he had first refunded the money to her and she had paid it over to the vendor. By the understanding and agreement of the parties, the lots were hers. William Wines had no present interest in them, although the legal title was in him. The legal title would have been in Nancy J. but for a mistake or oversight.

It is settled in this State, that judgments are simply general liens upon whatever interest the judgment debtor may have in lands, and no more; that such liens do not stand in the way of the enforcement of prior equitable interests in such lands, and that when the judgment debtor has no interest except the naked legal title, the lien of a judgment does not attach. *Hays* v. *Reger*, 102 Ind. 524, and cases there cited; *Boyd* v. *Anderson*, 102 Ind. 217, and cases there cited; *Foltz* v. *Wert*, 103 Ind. 404; *Wright* v. *Jones*, ante, p. 17.

The lots having been paid for with the money of Nancy J., and the agreement having been that she should have the deed, and be the owner of the lots, it was the duty of William Wines, after the mistake in the deed was discovered, to have conveyed the legal title to her. If he had performed that duty, appellant, as a judgment creditor simply, could

not have been heard to complain or object. In such a case, it would not have been necessary to inquire as to whether or not, by reason of the statute of frauds, or for any other reason, Nancy J. might have coerced such a conveyance. *Bremerman* v. *Jennings*, 101 Ind. 253. He did not make a conveyance, but the court below accomplished the same thing, by adjudging Nancy J. to be the owner of the lots, and quieting her title thereto. It accomplished, in effect, what should have been voluntarily done by William Wines. Of that judgment, he makes no complaint. Appellant, as a judgment creditor simply, can not make complaint for him. A judgment creditor can not interpose and defeat a prior equity in the land. He will not be heard to say, that parties having a real and apparent interest in the land shall not do equity as between themselves, simply because one might not have been able to coerce the doing of the right thing by the other. See the cases last above cited.

The motion for a new trial was properly overruled.

It is further contended that the court below erred in overruling appellant's motion to arrest the judgment upon the cross complaint of Nancy J. Wines. We think otherwise. In her cross complaint she alleged, amongst other things, that she was the real and equitable owner of the lots; that the other parties were claiming an interest therein and thereto adverse to her, and asked that her title to the lots might be quieted as against their claims. See *Burt* v. *Bowles*, 69 Ind. 1.

The judgment is affirmed, with costs.

