Mr; Justice McKINLEY-
 

 delivered the opinión of the court."
 

 McFarland-recovered judgment against Ellis. P. Passmore, for the sum of $9,763 10 cents, in the Circuit Court of the Unitéd States, for the southern district of Mississippi-; and on the 6th day of July; 1839, a
 
 fieri facias
 
 issued .thereon, directed to the marshal of the southern district of Mississippi, commanding-him, that of the goods and chattels, land,s and tenements of the said Ellis.P. Passmore, he should cause to' be made the said sum of $9,763 10 cents, upon which
 
 fieri facias
 
 the marshal returned, that he had levied of the goods and chattels, lands and tenements of the defendant sufficient to satisfy the
 
 fieri facias;
 
 but which'property had not been sold for want of time.
 

 And thereupon a
 
 venditioni exponas
 
 issued to the marshal, commanding him-to expose to sale the goods and chattels, lands and tenements levied on, upon which he returned, that he had sold the-property levied on, and received the full amount of the
 
 fieri facias,
 
 in die post notes of the Mississippi Union Bank. The attorney for the plaintiff received of the- marshal $514 15 cents, being the - amount of the attorney’s fees; for which he gave a receipt, but refused to receive any part of the notes foV the plaintiff. At the November term; 1841, of the Circuit Court, the plaintiff moved the court for judgment against the marshal for the amount of the
 
 fieri facias
 
 and interest thereon. On the-trial of the motion, if-was-proved by the plaintiff, that the money was demanded on'the 22d day' of May, 1840; and at that date the post notes of the Union Bank were selling at a- discount of 4(5 per cent: Gwin, the defendant, proved that on the demand, made, he had tendered the post notes of-the Union Bank, which were refused by the- attorney of the plaintiff; and that from- August, 1838, when the Mississippi Union Bank went into operation, until about the -middle of February, 1840, the post notes of. that bank constituted nearly-the entire circulating medium of the state:; that they had been treated as cash in all business transactions during that time, and had been received by the marshal- and the sheriffs-of the state in payment of executions. And
 
 *720
 
 thereupon the court rendered judgment against the plaintiff, and for the defendant. . . _
 

 . _ To Reverse this judgment the plaintiff has prosecuted this writ of error. '
 

 ■ This question, is fully settled in the case of. Griffin & Ervin
 
 v.
 
 Thompson, 2 How. Rep. 244. In that case this court held,"that the marshal was not authorized by law to receive, any thing in discharge of the execution, but the gold or silver coin of the United States., To this general proposition wc give our full assent; but we do not mean . to say there is no exception to this general rule. • If the plaintiff were to authorize the marshal to take bank notes,'of any description, in payment of the execution, we have no hesitation in saying, a payment by the defendant to the marshal in such bank notes would be a satisfaction of the judgment.
 

 But as Gwin failed to prove any such authority from.the plaintiff," he was. clearly.liable for the whole amount of the execution with legpl interest thereon, except the amount paid to the plaintiff’s attorney. It has been contended, however} in this case, that, at the .time this motion was made, Gwin was not marshal, his time having expired, and another having been appointed in his stead.'. It is a well settled principle of law, that if .an execution come to the hands óf a sheriff to be executed, and his term of -office expire before he executes it," he ’ is bound nevertheless to complete the execution; and the same rule applies to a marshal. An execution, is never .completed until the money is made and paid over to'the plaintiff, if it be practicable to make it.
 

 All the remedies against the. marshal, necessary to -compel him to •pay over the money he has made, survive his term of service, and remain in full force against him until the execution shall be completed. The judgment of the'Circuit Court must, therefore, be reversed.