*W. K. Marshall*, for the appellant.

--------

## MILES *v.* OHAVER.

Upon money paid to a judgment-creditor before an execution issues, or after
the execution is issued but before it is in any manner served, the sheriff is
not entitled to commission.

And where the execution-defendant delivered to the sheriff his receipts, taken
for such payments, it was held that they could not be considered as money—
that the sheriff had no right to receive them in satisfaction of the execution.

APPEAL from the *Hendricks* Circuit Court.

WORDEN, J.—Suit by *Miles* against *Ohaver*.   The facts are agreed upon, and are substantially as follows, viz.:   In the year 1858, *Ohaver*, as sheriff of *Hendricks* county, had in his hands for collection, executions against *Miles* and one *Banta*, amounting to 1,240 dollars, in favor of *Montgomery* and *Carmichael*.   *Miles* paid to the plaintiffs in the executions (and not to the sheriff) the sum of 1,008 dollars, 97 cents.   A part of this sum was paid before the executions were issued, but the amount was not credited upon the judgment; and the balance of the above-named sum was paid after the executions were issued, but before service thereof.   The receipts of the plaintiffs for the 1,008 dollars, 97 cents, were passed to the sheriff, and returned by him, as the agreement says, "in satisfaction of the executions."   *Miles* paid off the balance of the executions. On the final settlement of the executions, *Ohaver* charged and retained, as commission on the amount of 1,008 dollars, 97 cents, thus paid by *Miles* to the execution plaintiffs, the sum of 16 dollars, to recover back which this suit

is brought. It is agreed that, if *Ohaver* was not entitled to the 16 dollars thus received by him, judgment is to be rendered for the plaintiff—otherwise, for the defendant. The Court below rendered judgment for the defendant. *Miles* appeals to this Court. The suit is unimportant in itself, but it has some importance so far as the question involved affects the rights of sheriffs and execution-defendants.

The statute regulating sheriffs' fees, Acts of 1855, p. 104, allows for "selling property on an execution, a commission of five per centum on the first 300 dollars, and two per centum on any excess above that amount; but when the money is paid to him without sale, one-half commission only shall be allowed."

This statutory provision cannot be so construed as to entitle the sheriff to a commission on the 1,008 dollars, 97 cents, upon the facts agreed upon. It is very clear that, upon the money paid before the execution issued, no commission can be allowed; nor do we think that any can be allowed upon that paid to the plaintiffs in the execution, before the sheriff had in any manner served it.

The statute allows the sheriff full commission where the money is made by a sale of property, and half commission where the money is paid to him without sale. This would not seem to embrace a case at all where no property is sold, and where no money is paid to the sheriff. Here a part of the money on which commission was charged, was paid before the execution was issued, and the other part was paid before it was served, and the case is not within the letter or spirit of the statute. The case of *Vance* v. *The Bank of Columbus*, 2 Ham. (Ohio) 215, is in point. Here a levy had been made upon real estate, and the execution returned not sold for want of buyers, and a *vend. exp.* had been issued and returned in like manner. Afterwards, the debt and costs, except poundage, were paid. Poundage was claimed. The Court say: "The phrase 'money made on execution,' can only relate to such sums as are actually paid into the sheriff's hands upon the execution. The money is not made by the officer when paid

directly by the debtor to the plaintiff. A different construction would imply that the poundage was given merely to swell the bill of costs, and increase the sheriff's perquisites, and to this we cannot consent."

It is insisted, in the case at bar, that as *Miles* passed over to the sheriff the receipts of the plaintiffs in the execution, and as the sheriff received them in satisfaction thereof, they should be regarded as money. We think otherwise. The sheriff was under no obligation to receive them, nor was *Miles* under any obligation to pass them over to him. *Miles* had paid so much on the judgments, and if the plaintiffs in the execution sought to levy and collect that amount again from him, he had a legal remedy to prevent it. So the sheriff, having an execution in his hands, would have a right to proceed with the collection thereof, until legal steps were taken to arrest his action in the premises. He could not receive the receipts in satisfaction of the executions. At most, they were mere evidence of a previous payment, and he took them at his peril.

The receipts could not be taken by the sheriff as payment, though they might have been evidence of a previous payment. They were not money, though they might have shown why the money was not levied and collected. The fact that they were taken by the sheriff, and returned by him, does not invest them with the character of money paid to him, so as to entitle him to the percentage thereon as for money paid to him.

We are of opinion that the Court below erred in its application of the law to the facts, and that the judgment must be reversed.

*Per Curiam.*— The judgment is reversed with costs, Cause remanded, &c.

*L. M. Campbell*, for the appellant.

*J. S. Miller*, for the appellee.