KIRLAND *v.* ROBINSON and Another.

EXECUTION—LEVY OF.— After an execution in the hands of the sheriff has been levied on property, he has a right to proceed with the collection thereof, until legal steps are taken to arrest his action in the premises, and he is not bound to take even the receipts of the judgment plaintiff.

SHERIFF'S POUNDAGE.— Where the judgment defendant, for the purpose of inducing the attorney of the judgment plaintiff to accept the money, promises to pay the costs, the sheriff is entitled to his poundage.

APPEAL from the *Marion* Common Pleas.

GREGORY, J.— The appellant was the plaintiff, and the appellees were the defendants. The facts alleged in the complaint are as follows: On the 27th of *February*, 1861, *Morris*, one of the defendants, recovered a judgment in the *Marion* Common Pleas Court, against *Kirland*, for $10,727 and costs. An execution was issued on this judgment, and directed to the sheriff of Marion County. There were payments endorsed on the execution to the aggregate amount of $4,900, and a payment of all costs, except $14. On the 9th of *May*, 1863, the sheriff levied on certain real estate of *Kirland's*, and advertised it for sale on the 5th of *June*, then next following. After the levy, and before the day of sale, *Kirland* made the following payments to *Robert B. Duncan*, the attorney of *Morris*, viz: *May* 13th, 1863, $5,500; *May* 18th, 1863, $1,621 35; making $7,121 35, which was in full of the principal and interest due thereon; but leaving costs due on the execution to the amount of $30, which he, *Kirland*, tendered to the sheriff in full of all costs, and requested him to return the execution; but he refused to do so, unless *Kirland* would, in addition to the $30, pay the further sum of $75 71, being half commission on the $7,121 35, paid by *Kirland* to *Duncan*. The sheriff not only refused to return the execution, but threatened to sell the premises under the advertisement. It is averred that the money paid to *Duncan* was not collected by the sheriff, and the relief sought is that the sale be enjoined, &c.

*Morris* answered, admitting the payments set forth in the complaint, but alleging that they were made upon the express understanding that *Kirland* should pay the costs remaining unpaid on the judgment and execution, and that, until such costs were fully paid, the sale upon the execution should not be stayed, but should proceed to satisfy such costs.

*Robinson*, the sheriff, answered that after he had levied the execution upon the property, *Kirland* made the payments alleged in the complaint, to *Duncan*, the attorney of *Morris*, upon the same understanding set forth in the preceding answer; and further, *Robinson*, in his answer, sets up that before *Kirland* made the payments, he, as sheriff, had made the levy, and advertised the property for sale, and that there was reasonably due to him, besides the costs charged on the execution, one-half of the fees allowed for money paid on sales of property by the sheriff; and he prayed judgment in his favor for the amount of costs to which he was entitled, &c. The plaintiff demurred separately to the answers; but the court overruled the demurrers, refused the injunction, and, in accordance with the prayer of the sheriff, rendered a judgment in his favor for $104, &c.

Was the sheriff entitled to commission on the money paid by the execution defendant to the attorney of *Morris?*

The answer to this question depends upon the interpretation to be given to the statute regulating fees, (1 G. & H., § 5, p. 331,) allowing a sheriff who sells "property on execution, a commission of five per centum on the first three hundred dollars, and two per centum on any excess above that amount; but when the money is paid to him without sale, one-half commission only shall be allowed."

It is insisted that the money was not paid to the sheriff, and therefore he is not entitled to his poundage.

We think the facts set up in the answer show a substantial payment to the sheriff, within the meaning of this clause of the statute.

After an execution in the hands of the sheriff has been levied on property, he has a right to proceed with the collection thereof, until legal steps are taken to arrest his action in the premises. He is not bound to take even the receipts of the judgment plaintiff.

The judgment defendant can legally pay the money to the sheriff, in answer to the demand of the writ. The judgment plaintiff may accept the money upon ordering in the execution, and if he do so, it might be insisted that the sheriff would not be entitled to his poundage, a point we do not decide. But in a case like the one at bar, where the judgment defendant, for the purpose of inducing the attorney of the judgment plaintiff to accept the money, promises to pay the costs, it seems clear to us that the sheriff is entitled to his poundage.

This opinion is not in conflict with the case of *Miles* v. *Ohaver*, 14 Ind. 206. There is a material distinction between the payment before, and after, levy. In the latter case, the levy is a satisfaction of the execution, at least to the value of the property levied on, until the levy is legally disposed of; in the former case, it can not be said that the officer has executed the writ.

The judgment is affirmed, with five per cent. damages and costs.

*J. T. Dye*, for appellant.

*L. Barbour, J. D. Howland, T. A. Hendricks, O. B. Hord* and *W. P. Fishback*, for appellees.