## Stuckey *v.* The Board of Commissioners of Bartholomew County.

County Treasurer.—Fees.—The county treasurer is not entitled to a per cent. upon moneys raised by the sale of county bonds, for the purpose of paying bounties to volunteers, before the passage of the law authorizing such bonds, when the money was received and disbursed by a special agent of the county.

APPEAL from the *Bartholomew* Common Pleas.

Frazer, J.—The appellant, as county treasurer, filed his claim before the board of commissioners for three thousand two hundred and fifty-five dollars, being two and a half per cent. on one hundred and thirty thousand two hundred dollars, the proceeds of county bonds sold. The money was received and disbursed by an agent of the county, specially appointed for that purpose. It was applied to the payment of bounties to volunteers, and was raised for that express purpose. The bonds were sold and the money paid after *December* 28, 1864, but at what time does not appear. The board refused to allow the claim, and, on appeal to the

Court of Common Pleas, the facts stated above appearing upon the face of the claim, that court dismissed it.

The claim is one which does not recommend itself with much favor to us; nevertheless, if it be well founded in law, it is not the prerogative of a court to refuse relief. When the bonds spoken of were issued, there was no law authorizing such issue, and of course there were no duties imposed by law upon the county treasurer in reference thereto, which he could be required to perform. He might lawfully have refused to lend himself to the transaction, or to take any responsibility in the matter. It was not within the power of the commissioners, by an unauthorized act of theirs, to compel him to assume liabilities never contemplated as possible by existing laws. That he did perform any actual service in the matter is not pretended. Whether or not he refused, as he lawfully might, does not appear by the record before us. The claim, then, is for compensation for services not performed, and which the officer was not bound to perform, and which, indeed, he could not have claimed the right to perform, and which, it may be, he refused to perform. It is difficult to perceive on the surface of the case any just or legal foundation for the claim. It is true that the bonds thus issued have since been legalized, but it has not been enacted that municipal corporations shall, in addition, pay a gratuity to officers, simply because they were officers. Nor, indeed, is it argued here, that the claim derives any force from the act of *March* 3, 1865. Acts 1865, p. 126. It is put upon the provision of the act of the special session of 1861, p. 42, which enacts that the treasurer's fees shall be two and a half per cent. on all moneys received and paid out, other than tax and school funds, together with the enactment which requires the treasurer to receive and pay out all money coming to the county. 1 G. & H., § 2, p. 641. If he had actually received the money as treasurer, he could not then have denied that it was the money of the county. So it was ruled in *The Supervisors, &c.,* v. *Bates,* 17 N. Y. 242. He must

then have accounted for it. But this is not at all a kindred question. Nor is *Kirland* v. *Robinson*, 24 Ind. 105, of service to the appellant. That case was decided upon its own peculiar facts, and the opinion is carefully guarded to prevent misunderstanding.

To put the case briefly, the claimant was under no obligation to perform any duties in reference to the fund. He had no right as treasurer to claim to perform any such duties. In fact, he did not perform any, and the question is, shall he nevertheless be compensated?

The judgment is affirmed, with costs.

*T. A. Hendricks* and *O. B. Hord*, for appellant.

*F. T. Hord*, for appellee.