**Clay HOWARD, Appellant–Plaintiff,**

v.

**Debra DAUGHERTY and L.A. Vannatta, Appellees–Defendants.**

No. 46A04–0812–CV–751.

Court of Appeals of Indiana.

Oct. 30, 2009.

---

Clay Howard, New Castle, IN, Appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys For Appellees.

## OPINION

MAY, Judge.

Clay Howard brought a Section 1983 [1] complaint. The trial court dismissed his complaint for failure to pay filing fees.[2] We affirm.

### FACTS AND PROCEDURAL HISTORY

Howard, an inmate at the New Castle Correctional Facility, filed a complaint and was ordered to pay a partial filing fee of twenty-two cents. He submitted a forty-two cent stamp as payment but the trial court dismissed his complaint for failure to timely pay the filing fee.

### DISCUSSION AND DECISION

 We note the appellees filed no brief. When appellees do not submit an answer brief we need not undertake the burden of developing an argument on their behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind.2006). Rather, we will reverse if the appellant's brief presents a case of *prima facie* error. *Id.*

---

1. 42 U.S.C. § 1983 provides civil remedies for deprivations of federal rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), *reh'g denied* 510 U.S. 1215, 114 S.Ct. 1340, 127 L.Ed.2d 688 (1994).

2. Howard alleges he paid the fees and the statute governing prisoners' payment of partial filing fees is unconstitutional. On June 26, 2009, we granted the Appellees' motion to dismiss the latter allegation of error.

*Prima facie* error in this context is error "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Santana v. Santana,* 708 N.E.2d 886, 887 (Ind.Ct.App. 1999)). If an appellant does not meet this burden, we will affirm. *Id.*

 Howard brought his motion pursuant to Ind.Code § 33–37–3–3:

(a) When an offender confined by the department of correction commences an action or a proceeding without paying fees or other court costs under section 2 of this chapter, the offender shall obtain from the appropriate official of the correctional facility or facilities at which the offender is or was confined a certified copy of the prisoner's trust fund account statement for the six (6) months immediately preceding submission of the complaint or petition. The offender shall file the trust fund account statement in addition to the statement required under section 2 of this chapter.

(b) The offender shall pay a partial filing fee that is twenty percent (20%) of the greater of:

(1) the average monthly deposits to the offender's account;

or

(2) the average monthly balance in the offender's account; for the six (6) months immediately preceding the filing of the complaint or petition. However, the fee may not exceed the full statutory fee for the commencement of actions or proceedings.

(c) If the offender claims exceptional circumstances that render the offender unable to pay the partial filing fee required by this section, in addition to the statement required by section 2 of this chapter and the statement of account required by subsection (a), the offender shall submit an affidavit of special circumstances setting forth the reasons and circumstances that justify relief from the partial filing fee requirement.

(d) If the court approves the application to waive all fees, the court shall give written notice to the offender that all fees and costs relating to the filing and service will be waived. If the court denies the application to waive all fees, the court shall give written notice to the offender that the offender's case will be dismissed if the partial filing fee is not paid not later than forty-five (45) days after the date of the order, or within an additional period that the court may, upon request, allow. Process concerning the offender's case may not be served until the fee is paid.

Howard contends he paid the statutory filing fee, which in his case was 22 cents, because he sent the court a 42–cent postage stamp.

The dismissal of Howard's complaint was not error because the trial court was not obliged to accept the stamp as payment for the filing fee. "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. § 5103. Our Indiana Supreme Court has addressed the acceptable forms of payment for court costs:

Following the precedents above referred to, we say, assuming, without deciding, that the costs in the present case might have been paid to the clerk in gold or silver, or legal tender treasury notes, we are very clearly of the opinion that he had no right to receive anything else. In *Armsworth v. Scotten,* 29 Ind. 495, where the question was, whether the costs had been paid under section 601, and where they had been paid to the clerk in national bank notes, this court

held that it amounted to no payment, because, conceding that the costs might be paid to the clerk, he had no right to receive anything in payment but coin or legal tender treasury notes. To the same effect are the following cases: *Miles v. Ohaver,* 14 Ind. 206; *The People v. Baker,* 20 Wend. 602; *Griffin v. Thompson,* 43 U.S. (2 How.) 244, 11 L.Ed. 253; *McFarland v. Gwin,* 44 U.S. (3 How.) 717, 11 L.Ed. 799; *Prather v. The State Bank,* 3 Ind. 356.

*Crews v. Ross,* 44 Ind. 481, 489 (1873), *overruled in part on other grounds by Physio–Medical College v. Wilkinson,* 89 Ind. 23 (1883). Under *Crews,* the trial court was not obliged to accept Howard's postage stamp as payment for his filing fees, and the dismissal of his complaint was not error. *See Sumbry v. Pera,* 795 N.E.2d 470, 471 (Ind.Ct.App.2003), *trans. denied* 812 N.E.2d 790 (Ind.2004) (dismissal was not error when Sumbry's lawsuit did not contain a statement as to his indigency and he did not attach a certified copy of his trust fund account statement as required by statute).

We affirm.

CRONE, J., and BROWN, J., concur.