**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**WILLIAM TEMPLE, JR.**
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM TEMPLE, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1409-MI-373 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1404-MI-52

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

William Temple, Jr. appeals from the dismissal of his complaint for his failure to comply with Indiana Code section 33-37-3-3 (2004). The State of Indiana has filed a certificate of non-involvement in this appeal. We affirm.

## FACTS AND PROCEDURAL HISTORY

Temple is incarcerated in the Department of Correction at the New Castle Correctional Facility. As an inmate there, Temple has an offender trust fund account. On April 28, 2014, Temple filed a document purporting to be an affidavit of indigency and a request for legal representation, in addition to a pleading that appeared to be a prisoner's civil complaint.

After receiving the documents, the trial court issued an order on May 29, 2014, stating that Temple's case could not be processed further and that all pleadings were to pend until further action of the trial court. The trial court granted Temple forty-five days from the date of the trial court's order in which to comply with the provisions of Indiana code section 33-37-3-3, and notified Temple that his case could be dismissed for failure to do so. That statutory provision reads as follows:

> (a) When an offender confined by the department of correction commences an action or a proceeding without paying fees or other court costs under section 2 of this chapter, the offender shall obtain from the appropriate official of the correctional facility or facilities at which the offender is or was confined a certified copy of the prisoner's trust fund account statement for the six (6) months immediately preceding submission of the complaint or petition. The offender shall file the trust fund account statement in addition to the statement required under section 2 of this chapter.

> (b) The offender shall pay a partial filing fee that is twenty percent (20%) of the greater of:

2

(1) the average monthly deposits to the offender's account; or
(2) the average monthly balance in the offender's account;
for the six (6) months immediately preceding the filing of the complaint or petition. However, the fee may not exceed the full statutory fee for the commencement of actions or proceedings.

. . . .

(d) If the court approves the application to waive all fees, the court shall give written notice to the offender that all fees and costs relating to the filing and service will be waived. If the court denies the application to waive all fees, the court shall give written notice to the offender that the offender's case will be dismissed if the partial filing fee is not paid not later than forty-five (45) days after the date of the order, or within an additional period that the court may, upon request, allow. Process concerning the offender's case may not be served until the fee is paid.

Temple complied with the trial court's prior order and on June 18, 2014, filed an indigency affidavit and a certification of his offender trust account as required by statute. After reviewing Temple's submissions to the trial court, on June 24, 2014, the trial court determined that Temple was required to pay a partial filing fee of $1.67 in order for his case to proceed. The trial court granted Temple forty-five days from the date of the order to pay the partial filing fee and notified him that his case might be dismissed if he did not comply.

In the interim, on July 9, 2014, Temple filed a document with the trial court contending that the trial court had failed to timely rule on his pleading. Temple did not pay the partial filing fee of $1.67 within the time provided by the trial court's order, nor did he request additional time within which to do so. On July 14, 2014, the trial court issued an order acknowledging Temple's most recent submission to the trial court, and reiterated that Temple had until August 8, 2014 to pay the partial filing fee or his case

3

would be dismissed. On August 18, 2014, the trial court entered its order dismissing Temple's cause of action. Temple now appeals.

## DISCUSSION AND DECISION

At the outset, we note that the State of Indiana has not filed a brief in this matter and has filed a certificate of non-involvement in this appeal. When an appellee does not submit a brief we need not undertake the burden of developing an argument on that party's behalf. *Howard v. Daugherty*, 915 N.E.2d 998, 999 (Ind. Ct. App. 2009). Instead, we will reverse the trial court's decision if the appellant's brief presents us with a case of *prima facie* error. *Id*. "*Prima facie* error in this context is error 'at first sight, on first appearance, or on the face of it.'" *Id*. at 1000 (quoting *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)). "If an appellant does not meet this burden, we will affirm." *Id*.

Here, Temple attempted to file a civil complaint but did not attach the statutorily required documentation to receive either a complete or partial waiver of the filing fee. The trial court notified Temple of the defect and Temple subsequently complied. The trial court then determined that Temple was entitled to a partial waiver of the filing fee based upon the information Temple supplied. He was notified of the amount of the filing fee, $1.67, and that failure to pay the fee within the time provided could result in the dismissal of his case. Even though Temple filed another document in the interim, the trial court issued an order again advising Temple of the deadline for paying the partial filing fee and notifying Temple that failure to pay the fee could result in the dismissal of his case. Upon Temple's failure to pay the fee, the trial court dismissed Temple's case. Because Temple has failed to establish *prima facie* error, we must affirm the decision of the trial court.

4

## CONCLUSION

In light of the above, we affirm the trial court's decision.

Affirmed.

MAY, J., and ROBB, J., concur.