FILED

Jan 20 2017, 8:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Judith Fox
Alan Grigorian, Certified Legal Intern
Notre Dame Clinical Law Center
South Bend, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin T. Williams,<br>*Appellant-Defendant,*<br><br>v.<br><br>Unifund CCR, LLC,<br>*Appellee-Plaintiff.* | January 20, 2017<br><br>Court of Appeals Case No.<br>71A04-1604-CC-901<br><br>Appeal from the St. Joseph Circuit Court<br><br>The Honorable John E. Broden, Judge<br><br>The Honorable Larry L. Ambler, Magistrate<br><br>Trial Court Cause No.<br>71C01-1401-CC-78 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Kevin T. Williams (Williams), appeals the trial court's judgment in favor of Appellee-Plaintiff, Unifund CCR, LLC (Unifund), on Unifund's Complaint against Williams for nonpayment of credit card debt.

We reverse.

## ISSUE

Williams raises four issues on appeal, one of which we find dispositive and which we restate as: Whether the evidence admitted at trial supports Unifund's claim.

## FACTS AND PROCEDURAL HISTORY

Unifund is a debt-buying company that purchases charged-off accounts from credit card companies by way of large portfolios of debt. When acquiring credit card accounts through assignment agreements, the accounts are handled by several assignees before being ultimately assigned to Unifund. Here, the account at issue was purchased by Pilot Receivables Management (Pilot), who assigned it to its affiliated entity Unifund CCR Partners (Unifund Partners), after which Unifund Partners assigned the account to Unifund. The account was transferred to Unifund in a very large Excel file, which "can contain anywhere from one to several thousand credit card accounts all displayed as a single line in that Excel spreadsheet." (Transcript p. 29). Unifund altered this spreadsheet in anticipation of trial.

[5] On April 29, 2002, Williams opened a credit card account with Citibank. By 2009, Williams had accumulated monthly credit card debt in the aggregate amount of $10,402.90. On or about March 25, 2013, Citibank sold a block of charged-off accounts, including Williams' account, to Pilot who, in turn, assigned the account to Unifund Partners. The information listed on the spreadsheet that Citibank provided to Pilot included the account number, the account balance, the date of the last payment, the account holder's name and social security number. On July 1, 2013, Pilot assigned "Receivables" to Unifund Partners "for collection purposes only," with Pilot retaining "title and ownership of such Receivable." (Appellant's App. Vol. III, p. 107). That same day, Unifund Partners assigned these "Receivables" to Unifund. (Appellant's App. Vol. III, p. 108).

[6] On January 21, 2014, Unifund filed a Complaint, alleging breach of contract, account stated, promissory estoppel, and unjust enrichment. On February 13, 2014, Williams filed his answer and motion to dismiss Unifund's Complaint, as well as a motion to strike Unifund's exhibits, arguing that the affidavit of debt, account statement, and bill of sale and assignment were based on hearsay and therefore inadmissible under Indiana Evidence Rule 802. On January 12, 2015, Unifund filed its motion for summary judgment to which Williams filed a brief in opposition. On April 1, 2015, following a hearing, the trial court denied Unifund's motion for summary judgment. On July 27, 2015, the trial court ordered Unifund to provide proof of the last payment date in Williams' account, as well as proof of ownership of the account. The trial court

additionally directed that any additional exhibits offered at trial should be exchanged by the parties by August 17, 2015.

[7] On August 31, 2015, the trial court conducted a bench trial. During trial, Unifund offered two Exhibits into evidence, both of which contained documents which had not previously been provided to Williams pursuant to the trial court's order. After a timely objection by Williams, the trial court took the admission of the Exhibits under advisement. On October 22, 2015, the trial court issued its judgment, admitting the Exhibits and awarding Unifund $10,402.90 plus costs. On November 23, 2015, Williams filed a motion to correct error, which was denied by the trial court on March 28, 2016.

[8] Williams now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Williams appeals from the trial court's denial of his motion to correct error. Our standard of review in such cases is well established. We review a trial court's ruling on a motion to correct error for an abuse of discretion. *McEntee v. Wells Fargo Bank, N.A.*, 970 N.E.2d 178, 182 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is contrary to the logic and effect of the facts and circumstances before it or the reasonable inferences therefrom. *Id*. It should be noted that Unifund did not file an appellee's brief. When the appellee does not submit a brief, we need not undertake the burden of developing an argument on his behalf. *Howard v. Daugherty*, 915 N.E.2d 998, 999 (Ind. Ct. App. 2009). We will, however, apply a less stringent standard of

review with respect to the showing necessary to establish reversible error. *Wolverine Mut. Ins. Co. v. Oliver*, 933 N.E.2d 568, 570 (Ind. Ct. App. 2010), *trans. denied*. It is within our discretion to reverse the trial court's decision if the appellant can establish *prima facie* error. *Howard*, 915 N.E.2d at 999.

[10] Williams contends that the trial court abused its discretion when it admitted Unifund's Exhibits into evidence over his objection. In order to be successful at trial, Unifund needed to establish that (1) Williams owed Citibank $10,402.90 and (2) Unifund was the assignee or owner of that debt. *See Seth v. Midland Funding, LLC*, 997 N.E.2d 1139, 1140 (Ind. Ct. App. 2013). Unifund's evidence presented at trial consisted of two Exhibits. Exhibit 1 contained seventeen credit card statements produced by Citibank. Exhibit 2 included five separate documents: (1) a Bill of Sale and Assignment, signed by Patricia Hall, Financial Account Manager at Citibank; (2) an affidavit, signed by Aimee Dykes, a document control officer at Citibank; (3) a redacted thirty-page spreadsheet; (4) an Assignment dated July 1, 2013, between Pilot and Unifund Partners; and (5) an Assignment, dated July 1, 2013, between Unifund Partners and Unifund. Unifund offered both Exhibits into evidence through the testimony of Nathan Duvelius (Duvelius), an authorized representative and custodian of records for Unifund. Both Exhibits were admitted over Williams' objections. We will discuss the admissibility of each document in turn.

I. *Exhibit 1*

[11] Exhibit 1 consists of seventeen credit card statements produced by Citibank for the account at issue, bearing the credit card account number, Williams' name, and the balance due. However, hearsay statements are generally not admissible unless they fall within one of the hearsay exceptions. *See* Ind. Evidence Rule 802. Under Indiana Evidence Rule 803(6), otherwise inadmissible hearsay may be admitted if it consists of records of regularly conducted business activity, provided certain requirements are met. Specifically, in order to admit these unsworn and unverified statements as business records pursuant to Indiana Evidence Rule 803(6), Unifund was required to establish that these statements

> (A)  [] [were] made at or near the time by—or from information transmitted by—someone with knowledge;

> (B)  The record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

> (C)  Making the record was a regular practice of that activity;

> (D)  All these conditions are shown by the testimony of the custodian or another qualified witness []; and

> (E)  Neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

[12] The Exhibit was admitted at trial through the testimony of Duvelius, who testified to be "Unifund's authorized representative and custodian of the records." (Tr. p. 14). He affirmed to be "familiar with the standard business

practices of Unifund." (Tr. p. 14). However, Duvelius conceded that he was "not familiar with Citibank's records or operations" and did "not know Citibank's records or bookkeeping methods." (Tr. p. 48). Additionally, he was unfamiliar with Citibank's accounting procedures and was unaware as to Citibank's accounting practices or regular business practices. Accordingly, as Duvelius did not have personal knowledge of Citibank's regularly conducted business activities and record keeping, the trial court abused its discretion by admitting Exhibit 1. *See Speybroeck v. State*, 875 N.E.2d 813, 821 (Ind. Ct. App. 2007) ("[A] business could not lay the proper foundation to admit the records of another business because the requesting business lacked the personal knowledge required to ensure reliability"), *reh'g denied*.

## II. *Exhibit 2*

[13] Again, through Duvelius' testimony, Unifund introduced Exhibit 2, which was admitted by the trial court over Williams' objection. This Exhibit included five separate documents: (1) a Bill of Sale and Assignment, signed by Patricia Hall, Financial Account Manager at Citibank; (2) an affidavit, signed by Aimee Dykes, a document control officer at Citibank; (3) a redacted thirty-page spreadsheet; (4) an Assignment dated July 1, 2013, between Pilot and Unifund Partners; and (5) an Assignment, dated July 1, 2013, between Unifund Partners and Unifund.

[14] The Bill of Sale and Assignment, signed by Citibank's financial account manager, states that Citibank "does hereby transfer, sell, assign, convey, grant,

bargain, set over, and deliver to [Pilot], and to [Pilot's] successors and assigns, the Accounts described in Exhibit 1 and the final electronic file." (Plaintiff's Exh. 2). However, as noted before, because Duvelius is unfamiliar with Citibank's regularly conducted business practices, he could not testify as to the document's reliability and authenticity. Therefore, lacking the proper foundation, the trial court abused its discretion by admitting the Bill of Sale and Assignment into evidence.

[15] The thirty-page spreadsheet was initially generated in full by Citibank and was later redacted by Unifund for trial purposes. At trial, the spreadsheet was offered into evidence through Duvelius' testimony. Because Duvelius conceded that he did not know whether Citibank kept these records in accordance with its regular business practices, the reliability of the document cannot be attested to and should not have been admitted by the trial court. *See* Ind. Evid. R. 803(6).

[16] Next, Exhibit 2 contains two Assignments. The first Assignment is between Pilot and Unifund Partners, and the second Assignment between Unifund Partners and Unifund. Both Assignments state that

> Assignor, for value received and in connection with the Agreement, transfers and assigns to Assignee all of Assignor's rights in the Receivables, for collection purposes only, including conducting litigation in Assignee's name, for those Receivables which Assignor owns or may acquire from time to time. Assignor shall retain title and ownership of such Receivables.

(Plaintiff's Exh. 2). Both Assignments were offered through Duvelius' testimony. Although Duvelius stated that he was Unifund's authorized

representative and custodian of the records, without further evidence he also stated that he was "authorized to testify on Pilot's behalf by an officer of the company." (Tr. p. 18). As such, in those capacities, Duvelius could presumably affirm that the Assignments were kept in the regular course of business. *See* Ind. Evid. R. 803(6).

[17] Nonetheless, although the Assignments indicate certain rights were assigned from one company to another, the Assignments fail to specify the transfer of rights in Williams' account. While the Assignments refer to "rights in the Receivables," these "Receivables" are purportedly more closely defined in the Servicing Agreement entered into between the Assignor and Assignee, which was not presented to the trial court or admitted into evidence at trial. Accordingly, we agree with Williams that the Assignments fail to adequately establish that Unifund has been assigned or owns Williams' account.

[18] Finally, we address the admissibility of the affidavit, signed by Aimee Dykes (Dykes), a document control officer at Citibank. Dykes affirmed that she has knowledge of the business records relating to Williams' account, which are kept by Citibank in the regular course of business. In her affidavit, she attested that Williams' account was sold to Pilot and that Citibank had prepared and forwarded to Pilot a spreadsheet reflecting the relevant account information. She also confirmed the account's balance due. Although the affidavit is admissible as a business record pursuant to Indiana Evidence Rule 803(6), it falls short of satisfying Unifund's burden of proof. While the affidavit

establishes that Williams' account was sold to Pilot, Unifund failed to present any admissible evidence indicating that it now owns the account.

[19] Based on the totality of the evidence before us, Unifund failed to satisfactorily establish that it owns Williams' account and is entitled to collect the debt associated with it.

## CONCLUSION

[20] Based on the foregoing, we hold that the trial court abused its discretion by entering judgment in favor of Unifund.

[21] Reversed.

[22] Baker, J. and Mathias, J. concur