

FILED

Apr 17 2019, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Charlie W. Gordon
Lloyd & McDaniel, PLC
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bank of America, N.A.,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Kimberly A. Congress-Jones,<br>*Appellee-Defendant.* | April 17, 2019<br><br>Court of Appeals Case No.<br>18A-CC-1087<br><br>Appeal from the Lake Superior<br>Court<br><br>The Honorable Calvin D.<br>Hawkins, Judge<br><br>Trial Court Cause No.<br>45D02-1704-CC-212 |

**Darden, Senior Judge.**

## Statement of the Case

[1]     Bank of America, N.A. ("Bank"), appeals the trial court's grant of Kimberly Congress-Jones' ("Jones") motion to dismiss for failure to prosecute and the trial court's denial of the Bank's motion to set aside the dismissal order. We affirm.

# Issues

The Bank raises five issues, which we consolidate and restate as:

  I.  Whether the trial court erred in granting Jones's motion to dismiss for failure to prosecute.

  II.  Whether the trial court erred in denying the Bank's motion to set aside the dismissal.

# Facts and Procedural History

This case began on April 17, 2017, when the Bank filed a civil complaint against Jones, via, its attorney, Gerald E. Bowman of the law firm of Blatt, Hasenmiller, Leibsker, & Moore, LLC ("Blatt Hasenmiller") in Merrillville, Lake County, Indiana. The Bank alleged Jones owed it $19,354.54 in unpaid credit card debt. Jones hired an attorney, and on May 10, 2017, Jones, by counsel, filed an appearance and an answer to the Bank's complaint. The Bank has failed to provide us with a copy of the answer. The Bank took no further action in the court in 2017 to move the case forward to a resolution.

However, on September 22, 2017, Jones served discovery requests, including requests for admissions, a request for production of documents, and interrogatories, upon the Bank. On September 28, 2017, the Bank, by an attorney named Thomas A. Burris of Blatt Hasenmiller, sent a letter to Jones' attorney. Burris has never entered an appearance in this case, nor had he taken any action heretofore. In the letter, the Bank acknowledged having received the

discovery requests, but Burris asserted the Bank was "not obligated to respond due to improper service." Appellant's App. Vol. 2, p. 21.

[5] Apparently, Jones disputed the Bank's letter in response, and on November 5, 2017, asserted her requests for admissions had been deemed admitted due to the Bank's failure to timely respond. Nevertheless, Jones stated she would email copies of her discovery requests to the Bank again and requested the Bank's responses on or before November 13, 2017. She asserted she would move for sanctions if the Bank did not provide a timely response.

[6] The law firm of Lloyd & McDaniel, PLC, which presently represents the Bank in this matter, later represented to the trial court that Blatt Hasenmiller ceased to operate at some point "in the later [sic] half of 2017." *Id.* at 12. However, there is no evidence in the record before this Court to support this assertion, nor is there evidence that attorney Gerald Bowman or another attorney from Blatt Hasenmiller moved the trial court to withdraw from the case or notified Jones of its non-representation or that it was dissolving. Apparently, sometime in December of 2017, the Bank hired Lloyd & McDaniel to represent it in some capacity. However, no attorney from Lloyd & McDaniel filed an appearance with the trial court in this case indicating said representation.

[7] On or about December 21, 2017, it appears that someone from Lloyd & McDaniel sent an unsigned form letter to Jones' attorney. The letter did not purport to be from any specific person or attorney and did not reference the instant pending lawsuit. Rather, the letter stated the following:

We believe you are representing Kimberly A. Congress-Jones in regards to the debt owed to Bank of America. If we are mistaken in this regard, and you are not acting as an attorney for Kimberly A. Congress-Jones, please advise us of that immediately. If we do not hear from you within 30 days, we will assume that you do not represent Kimberly A. Congress-Jones.

Bank of America referred your client's account to this firm for collection. We have taken over this file from Blatt, Hasenmiller, Leibsker & Moore LLC, who previously handled this account on behalf of Bank of America. If your client made payment arrangements with the prior servicer, please contact our office at your earliest convenience to discuss this matter. All future payments should be made to our office. As of the date of this letter, the amount of the debt your client owes on his/her account is $19,354.54. Payment may be made by check, payable to Lloyd & McDaniel and directed to use at [mailing address]. If your client chooses to do so, your client may make a payment online by visiting our website at [web address] at his/her convenience. Please contact our office should you wish to discuss payment arrangements on your client's account. You can reach us on our toll-free number of [telephone number]. When contacting our office by phone or letter, please refer to our file number [number].

Unless you, or your client, within thirty (30) days after receipt of this notice, dispute the validity of this debt, or any portion thereof, we will assume this debt is valid. If you or your client notifies us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment against your client and a copy of such verification or judgment will be mailed to you by us. Upon your or your client's written request within the same thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

> This communication is from a debt collector. This is an attempt
> to collect a debt and any information obtained will be used for
> that purpose.
>
> Yours truly,
>
> LLOYD & McDANIEL, PLC

*Id.* at 20. Sometime later in 2018, the Bank informed the trial court that the form letter was "an initial demand letter" to Jones. *Id.* at 12.

[8] In the meanwhile, on December 29, 2017, Jones filed a "Motion to Dismiss for Failure to Prosecute and as Discovery Sanction and to Compel Responses." *Id.* at 22. Among other relief sought, Jones asked the trial court to dismiss the Bank's complaint. She served the motion upon attorney Bowman of Blatt Hasemiller, having not received official notification that the firm had dissolved or was no longer in operation. Jones did not send a copy of the motion to the law firm of Lloyd & McDaniel.

[9] On January 3, 2018, the trial court issued an order scheduling a hearing for February 16, 2018. The trial court stated in the order, "Should Plaintiff fail to show sufficient cause why this matter should not be dismissed, this action will be dismissed with prejudice." *Id.* at 10. The court order was sent to Jones and to the Bank, via attorney Gerald Bowman of Blatt Hasemiller.

[10] On February 16, 2018, Jones appeared for the hearing, but the Bank did not. The Bank has not supplied this Court with a transcript of the hearing that took

place on February 16, 2018. At the conclusion of the hearing, the trial court issued an order stating the following: "The Court, being duly advised in the premises, now finds and orders that Defendant, KIMBERLY A. CONGRESS-JONES', Motion to Dismiss is hereby granted. This cause is ordered dismissed with prejudice." *Id.* at 8.

[11] On February 20, 2018, attorney Katie Carbone of Lloyd & McDaniel filed an appearance and notice of substitution of counsel on behalf of the Bank. On March 2, 2018, the Bank filed a "motion to set aside order of dismissal and/or motion for clarification and/or withdrawal of admissions and extension of time and new hearing date." *Id.* at 12. On March 12, 2018, Jones filed a response in opposition to the Bank's motion. The Bank has not included Jones's response in the record to this Court.

[12] The trial court scheduled a hearing for April 20, 2018. On March 28, 2018, the Bank, via attorneys, from Lloyd & McDaniel, provided late responses to Jones' requests for admissions. The Bank filed with the trial court its notice of response to Jones' requests for admissions on April 2, 2018.

[13] On April 19, 2018, Jones' attorney, Duran Keller, filed a motion to withdraw from the case. On April 20, 2018, Jones appeared pro se for the hearing as scheduled. The Bank has not supplied this Court with a transcript of the record of the hearing. At the time of the scheduled hearing, the trial court had not acted on attorney Keller's motion to withdraw.

At the conclusion of the hearing, on April 20, 2018, the trial court issued an order stating the following: "The Court, being duly advised, now finds and orders that Plaintiff, BANK OF AMERICA, N.A.'s, Motion to Set Aside Order of Dismissal is hereby denied. The Court's Order of February 16, 2018, remains in full force and effect with prejudice." *Id.* at 9. This appeal followed.

# Discussion and Decision

## I. Rule 41 and Standard of Review

Dismissals for failure to prosecute, and reinstatements after dismissal, are governed by Indiana Trial Rule 41, which provides, in relevant part:

> (E) Failure to Prosecute Civil Actions or Comply with Rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

> (F) Reinstatement Following Dismissal. For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

As a panel of this Court has explained:

> The purpose of Rule 41(E) is to ensure that plaintiffs will diligently pursue their claims. The rule provides an enforcement mechanism whereby a defendant, or the court, can force a recalcitrant plaintiff to push his case to resolution. The plaintiff bears the burden of moving the litigation and the trial court has no duty to urge or require counsel to go to trial, even where it would be within the court's power to do so. Courts cannot be asked to carry cases on their dockets indefinitely and the rights of the adverse party should also be considered. He should not be left with a lawsuit hanging over his head indefinitely.

*Lee v. Pugh*, 811 N.E.2d 881, 885 (Ind. Ct. App. 2004) (quotations and citations omitted).

[17] The trial court did not issue findings of fact or conclusions thereon in the course of dismissing the case or denying the Bank's motion to set aside the dismissal. In general, we will reverse a Trial Rule 41(E) dismissal for failure to prosecute only in the event of a clear abuse of discretion, which occurs if the decision of the trial court is against the logic and effect of the facts and circumstances before it. *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003), *trans. denied*. Similarly, a trial court's ruling on a motion to reinstate an involuntary dismissal is generally reviewed for an abuse of discretion. *Cloyd v. Pasternak*, 791 N.E.2d 757, 758 (Ind. Ct. App. 2003). The judgment below is presumed to be valid, and an appellant bears the burden of proving otherwise. *Johnson v. Citizen's State Bank*, 57 Ind. App. 348, 352, 107 N.E. 35, 37 (Ind. Ct. App. 1914). Consequently, the judgment will be affirmed if there is any evidence to support the trial court's decision. *Benton v. Moore*, 622 N.E.2d 1002, 1005 (Ind.

Ct. App. 1993).  Further, it is an appellant's duty to provide an adequate record for review.  *Page v. Page*, 849 N.E.2d 769, 771 (Ind. Ct. App. 2006).

[18]  In this case, Jones did not file an appellee's brief.  When appellees do not submit an answer brief, we need not undertake the burden of developing an argument on their behalf.  *Howard v. Daugherty*, 915 N.E.2d 998, 999 (Ind. Ct. App. 2009).  Rather, we will reverse if the appellant's brief presents a case of prima facie error.  *Id.*  Prima facie error in this context is error at first sight, on first appearance, or on the face of it.  *Id.* at 1000 (quotation omitted).  Therefore, if an appellant does not meet this burden, we will affirm.  *Id.*

## II. Dismissal for Failure to Prosecute

[19]  Courts of review generally balance several factors when determining whether a trial court erred in dismissing a case for failure to prosecute.  *Belcaster*, 785 N.E.2d at 1167.  These factors include:  (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of the attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.  *Id.*

[20]     The weight any particular factor has in a case depends upon the facts of that case. *Id.* Dismissals are generally viewed with disfavor and are considered extreme remedies that should be granted only under limited circumstances, but the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear. *United Bhd. of Carpenters and Joiners of Am., Local Union No. 2371 v. Merch. Equip. Grp.*, 963 N.E.2d 602, 607 (Ind. Ct. App. 2012).

[21]     In this case, the Bank filed suit on April 17, 2017, and filed nothing else on the docket until after the trial court issued its dismissal order on February 16, 2018, a lengthy delay of ten months. Further, there is no evidence the Bank took any informal steps to move the case forward. The Bank, through Blatt Hasenmiller attorney Thomas A. Burris, sent Jones a letter on September 28, 2017 stating the Bank intended to ignore or not comply with Jones' discovery requests due to alleged defects in service. It appears the Bank did not issue any discovery requests to Jones.

[22]     Turning to the reason for the delay, it is unclear why attorney Gerald Bowman of the law firm Blatt Hasenmiller, located in Merrillville, Lake County, Indiana, took no action on the case for ten months. That law firm may have dissolved at some point in late 2017 but there is insufficient evidence in the record to support it, as noted. At some point, the Bank hired Lloyd & McDaniel to represent it in some capacity, but there is insufficient evidence in the record to demonstrate: (1) when, if ever, Blatt Hasenmiller dissolved and/or withdrew representation of the Bank in this case; (2) when and how Blatt Hasenmiller informed the Bank and Jones of its nonrepresentation in the case; and (3) when

the Bank hired Lloyd & McDaniel to represent it in the instant pending lawsuit; and (4) why an attorney from Lloyd & McDaniel delayed entering an appearance in this pending lawsuit until February of 2018. None of the delay can be attributed to Jones or reflected on her.

[23] The Bank argues the December 21, 2017 letter from Lloyd & McDaniel to Jones' attorney was proof "that Lloyd was now representing [the Bank] and intend[ed] to proceed." Appellant's Br. p. 6. We disagree. The December 21, 2017 unsigned form letter did not reference the pending lawsuit at all, much less express a willingness to move forward with it. Instead, the letter merely discussed Jones' debt in general terms and indicated the Bank might seek a judgment against her if payment was not forthcoming. The Bank later characterized the letter as "an initial demand letter." Appellant's App. Vol. 2, p. 12. In addition, the Bank did not follow up the form letter with any other action, such as making personal contact with Jones' counsel or having one of its attorneys file an appearance in this matter with the trial court. It is inconceivable that another law firm assuming representation for the Bank would wait several months before entering an appearance in this pending lawsuit.

[24] Further, it is unclear how much of the responsibility for the delay rests directly with the Bank and the degree to which the Bank will be charged for the acts of its attorneys. We do not know from the record when the Bank learned that Blatt Hasenmiller may have dissolved and how much time elapsed before the Bank hired Lloyd & McDaniel as replacement counsel. The record also fails to

explain what the Bank told Lloyd & McDaniel about the status of the instant pending lawsuit and what steps needed to be taken.

[25] The amount of prejudice to Jones appears to be high. In comparison to the Bank, Jones appears to be unable to afford to hire another attorney to defend her in this lengthy lawsuit. Her initial attorney had already sought to withdraw during trial court proceedings, and Jones was forced to appear pro se for the hearing on the Bank's motion to set aside the dismissal.

[26] In addition, the ten-month delay provides evidence that the Bank has a lengthy history of having deliberately proceeded in a dilatory fashion. Now, the Bank asserts that, with its current attorneys, it is willing to move forward with the case and that it would be desirable to proceed with the case on the merits. Nevertheless, the Bank was simply not diligent in this action beforehand and was stirred into action only after the case was dismissed with prejudice. Apparently, the trial court believed that the damage had already been done to Jones by the time the trial court dismissed the Bank's complaint.

[27] The Bank argues that Jones acted unfairly by not serving her motion to dismiss on Lloyd & McDaniel. We cannot agree. Although Jones was aware that Lloyd & McDaniel was involved in collecting a debt, no one from that firm had entered an appearance in the case or followed up with discussion of the instant case after having had more than sufficient time to do so. Further, no one from the Bank's prior firm, Blatt Hasenmiller, had directly informed Jones or the trial court that it had ceased representing the Bank, and neither attorney Gerald

Bowman nor anyone else from the firm had filed a motion to withdraw from the case.

[28] Weighing the factors set forth in *Belcaster*, we conclude that the trial court did not abuse its discretion, and it had ample reason to grant Jones' motion to dismiss for failure to prosecute. The Bank has failed to demonstrate prima facie error.

## III. Motion to Set Aside Dismissal

[29] The Bank claims the trial court should have set aside the dismissal. "A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)." Ind. Trial Rule 41(F). A motion made under Trial Rule 60(B) is addressed to the equitable discretion of the trial court, circumscribed by the eight categories listed in Rule 60(B). *Lee*, 811 N.E.2d at 887.

[30] The Bank does not specify which category of Trial Rule 60(B) supports its claim to set aside the dismissal order. Instead, the Bank argues Jones' requests for admissions and other discovery requests were unrelated to the facts of the case and served as an improper "gotcha device." Appellant's Br. p. 11. Specifically, the Bank argues this is an action on an "account stated," Appellant's Br. p. 11, and that Jones' requests for admissions were instead directed to a breach of contract action. The Bank further claims, citing *Auffenberg v. Bd. of Trustees of Columbus Reg'l Hosp.*, 646 N.E.2d 328 (Ind. Ct. App. 1995), that Jones did not

object to the unpaid balance prior to the suit being filed, which gives rise to an inference that the account balance is correct.

[31] The Bank's argument is based upon facts not contained in the record. We do not know if Jones objected to the Bank's demands for payment prior to filing suit. Further, because the Bank has not included Jones' answer in the record, we do not know whether Jones denied or disputed the account balance after the suit was filed. Based on this incomplete record, it cannot be determined whether Jones' discovery requests were improper.

[32] In addition, the Bank cites to no rule demonstrating that Jones was barred from serving her discovery requests upon the Bank, and its attorneys had ample opportunity to object to the timing or nature of the requests when they were served. The Bank also could have requested an extension of time to respond while it switched law firms. In any event, the Bank's choice to ignore Jones' discovery requests was merely one factor in the Bank's inactivity in this case. The Bank has failed to demonstrate prima facie error in the denial of its motion to set aside the dismissal order.

# Conclusion

[33] For the reasons stated above, we affirm the judgment of the trial court.

[34] Affirmed.

[35] Vaidik, C.J., and Mathias, J., concur.